# Richmond

G. CLYDE NICHOLAS, ET ALS. V. JULIAN S. LAWRENCE, TIE
BREAKER OF BOARD OF SUPERVISORS OF NORFOLK COUNTY.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory
and Browning, JJ.

The opinion states the case.

*James G. Martin,* for the plaintiffs in error.

*T. D. Savage,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

This matter comes before this court upon a writ of error from the decision of the Circuit Court of Norfolk county, sustaining a demurrer to the petition filed by G. Clyde Nicholas, et als., residents and taxpayers of Norfolk county, Virginia, praying for the removal of Julian S. Lawrence, the duly appointed tie breaker of the board of supervisors of Norfolk county, Virginia. The petition as. amended follows:

"The undersigned, G. Clyde Nicholas, J. C. Garrett, Sr.,. A. V. Deal, and others, taxpayers of the county of Norfolk and residents therein, respectfully represent:

"That Julian S. Lawrence is, and for some time has been, the tie breaker of the board of supervisors of said county, under appointment by the judge of said court..

That while said tie breaker, he accepted employment as attorney at law from said board of supervisors to draw trust agreements with various banks as to funds of money in which said county was interested, and charged a fee of $450.00 for his services as attorney as to said trust agreements, which fee had to be passed upon by said board of supervisors, and was passed upon and ordered paid by said board of supervisors out of moneys of said county on August 9, 1932.

"And at the meeting of said board of August 9, 1932, before said bill for $450.00 was approved, a tie occurred in the matter of the trial justice, and said tie breaker was immediately notified of this tie and (before said bill was approved) asked time to consider the matter of said tie, and broke this tie several weeks thereafter.

"That said Julian S. Lawrence, while still said tie breaker, is now engaged in doing further work as attorney at law relative to contracts as to the current funds of said county in connection with the board of finance of said county, and his fee will have to be passed upon and approved or disapproved by said board of supervisors and paid out of county funds.

"That under the facts and circumstances above set forth, it is not legal nor proper that said Julian S. Lawrence should continue to hold said position of tie breaker of said board of supervisors, and petitioners pray that he may be forthwith removed, and a proper tie breaker appointed in his place."

To the above petition as amended the defendant filed his answer and demurrer.

The court by its order of February 11, 1933, sustained the demurrer of the defendant for the reason that "the allegations of said petition, if true, constitute no cause for the removal of Julian S. Lawrence as tie breaker of the board of supervisors of Norfolk county, Virginia, * * *."

At the outset counsel for the defendant in error moves this court to dismiss the writ of error granted in this case as having been improvidently awarded. He assigns three

separate grounds, but in our view of the case it is necessary only to consider one of these grounds, and that is the one which raises the question of the jurisdiction of the court to award a writ of error in this case, because it does not appear that the petitioners are aggrieved by the judgment of the lower court.

It will be observed that the procedure in this case does not conform in any particular to that provided by section 2705 (as amended by Acts 1926, ch. 261) and section 2706 of the Virginia Code, which is commonly known as the "Ouster Law" and which prescribes the grounds and the procedure for the removal of officers for the violation of the provisions of section 2705, as amended.

The appellate jurisdiction of this court is fixed by statute, and therefore it is limited in the exercise of its jurisdiction to the statutory authority given in pursuance of the Constitution and unless jurisdiction to entertain an appeal or writ of error is conferred on this court, no such jurisdiction exists. *Richmond Cedar Works* v. *Harper*, 129 Va. 481, 106 S. E. 516; *Southern Ry. Co.* v. *Glenn's Adm'r*, 102 Va. 533, 46 S. E. 776.

Section 6336 of the Code of Virginia prescribes in what cases appeals and writs of error may be awarded, and this section provides that "any person who thinks himself aggrieved by any judgment, decree, or order * * *" may present a petition for an appeal or writ of error.

In order that the petitioners may be aggrieved by a judgment in contemplation of this statute it must affirmatively appear that they had some direct interest in the subject matter of such proceeding. Any indirect interest they may have had solely as residents and taxpayers is not sufficient to make them proper parties to such proceeding, and they could not be aggrieved by the judgment rendered therein. *Board of Supervisors of Culpeper County* v. *Gorrell, et al.*, 20 Gratt. (61 Va.) 520. Hence it is not sufficient that the interest of such petitioner is merely that of any other taxpayer or resident, but it must be shown that the petitioner is aggrieved in some manner

peculiar unto himself, aside and apart from that of other taxpayers and residents.

Statutes of other States similar to ours have been construed and it has been held that individual taxpayers cannot enforce a public right nor redress a public injury by proceeding upon appeal in their names when the only wrong they have suffered or damage they have sustained is that which is alike and in common with all of the other taxpayers of the county. Before a person is entitled to an appeal or writ of error he must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest. He must also show that he has been aggrieved by the judgment or decree of the lower court. Appeals and writs of error are not allowed for the purpose of settling abstract questions, however interesting and important to the public they may be, but only to correct errors injuriously affecting the appellant or plaintiff in error. 2 R. C. L., sections 33 and 34, pp. 52-3; 3 C. J., section 491, p. 629.

The petitioners in the instant case do not allege that they are in any wise interested in this case or aggrieved by the judgment of the lower court, except as taxpayers and residents of the county of Norfolk, Virginia. Therefore, for the foregoing reasons, we are of the opinion that this court has no jurisdiction to review this case, and that the writ of error granted the plaintiff in error was improvidently awarded and should be dismissed.

*Dismissed.*

Epes, J., concurring in results.