VILLAGE OF AMHERST *v.* WRAGG ET AL., APPELLEES; ALDRICH, A TAXPAYER, APPELLANT.

(No. 967—Decided January 31, 1941.)

*Mr. Milton Friedman,* for appellees.
*Mr. D. W. Myers* and *Mr. L. R. Ashenbach,* for appellant.

STEVENS, J. This action as filed in the Court of Common Pleas of Lorain county, Ohio, sought an injunction to restrain the alleged misapplication of public funds, the execution and performance of contracts alleged to be illegal, and the prevention of the abuse of other corporate powers by the officers of the village of Amherst, Ohio.

Request in writing was made upon the solicitor to institute the action by one J. C. Aldrich, a resident and a taxpayer of the village, and, in compliance with that request, the village solicitor instituted the present action on behalf of the village against the village officials and trustees.

A demurrer was interposed to the petition by counsel for the defendants, on the ground that the petition

did not contain facts sufficient to constitute a cause of action against the defendants.

That demurrer was sustained by the Court of Common Pleas, and, the plaintiff not desiring to plead further, the petition was, on June 17, 1940, dismissed at plaintiff's costs.

Said J. C. Aldrich on June 20, 1940, presented his written request to the village solicitor to appeal to the Court of Appeals from the judgment of the Court of Common Pleas, to which request the village solicitor failed and refused to accede.

On June 25, 1940, well within the time limited by statute for the taking of an appeal, J. C. Aldrich caused a notice of appeal upon questions of law and fact to be filed in the Common Pleas Court, and he likewise furnished a bond for appeal in the amount required by the court.

A motion to dismiss the appeal of J. C. Aldrich, appellant, has been filed in this court by the appellees, upon the ground that said Aldrich, not being a party of record to said action, does not have the legal capacity to appeal from the judgment of dismissal entered by the trial court.

In approaching a consideration of the question here presented—*i. e.*, the legal capacity of Aldrich to appeal from a judgment entered in a suit in which he was not a party—it must be remembered that at common law the right of appeal was unknown, the judgment of the trial court being final.

A right of appeal exists only by virtue of constitutional or statutory provisions, or both, authorizing such appeal.

Request having been made of the solicitor by the taxpayer to institute the suit in question, and the solicitor having complied with the request, and having, in the name of the corporation, made an application to a

court of competent jurisdiction for an order of injunction to restrain those acts enumerated in the statute (Section 4311, General Code), and the taxpayer, Aldrich, not having been a party plaintiff or defendant to said action, did Aldrich possess the legal capacity to take an appeal from an adverse judgment?

No mention is made in Section 4311 *et seq.,* General Code, of the question of right of appeal, so we must look to the new appellate code, for further light upon that subject.

There is nothing in the statutes which requires a village solicitor to appeal from an adverse judgment of a court of competent jurisdiction, upon request therefor by a taxpayer.

A careful reading of the appellate code (Section 12223-1 *et seq.,* General Code) impels the belief that, by the wording of the various sections thereof, the Legislature intended to limit the right of appeal therein given to *parties* to the litigation. That is indicated by the use of the word "party" in Sections 12223-5, 12223-8, 12223-14, 12223-15, 12223-18, 12223-19, 12223-21 (paragraph 2), and 12223-30, General Code.

Further, the conclusion indicated is fortified by the pronouncement of the Supreme Court of Ohio in the case of *Reid* v. *Quigley,* 16 Ohio, 445, wherein it is stated:

"This is the only law which gives an appeal in any case, and this only enables the *party* to appeal from a judgment of an inferior court to the Supreme Court. This authority is given to *the party* to the judgment, and to no one else. Third persons are not authorized to act by the law; nor would good policy allow them to interfere and remove causes, by appeal."

See, also, *Fiedeldey* v. *Diserens,* 26 Ohio St., 312.

A well-considered opinion setting forth the reasons why a taxpayer, as such, may not appeal from an adverse judgment rendered against a political subdivision, appears in the case of *Nicholas* v. *Lawrence,* 161 Va., 589, 171 S. E., 673. There appears the following: "* * * individual taxpayers cannot enforce a public right nor redress a public injury by proceeding upon appeal in their names when the only wrong they have suffered or damage they have sustained is that which is alike and in common with all of the other taxpayers of the county. Before a person is entitled to an appeal or writ of error he must show that he has an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest. * * * Appeals and writs of error are not allowed for the purpose of settling abstract questions, however interesting and important to the public they may be, but only to correct errors injuriously affecting the appellant or plaintiff in error."

See, also, *Ex parte in the Matter of Cutting,* 94 U. S., 14, 24 L. Ed., 49.

It is the considered opinion of this court that the laws regulating appeals in the state of Ohio are such that only parties to the litigation may appeal from judgments or final orders of inferior tribunals.

Such being our conclusion, it follows that the motion of the appellees to dismiss the appeal under consideration must be sustained.

*Motion sustained.*

WASHBURN, P. J., and DOYLE, J., concur.