In re Estate of Davis: Middleton, Appellant, *v.*
The Huntington National Bank of Columbus,
Exr.-Trustee, Appellee.

(No. 195—Decided July 30, 1958.)

*Mr. R. B. Middleton,* for appellant.
*Messrs. Porter, Stanley, Treffinger & Platt,* for appellee.

RADCLIFF, J. D. D. Davis died testate on February 14, 1954, a resident of the village of Oak Hill, Jackson County, Ohio. His will was admitted to probate in Jackson County on March 24, 1954. His estate was appraised on October 5, 1954, and its gross value was $1,639,307.92. The inheritance tax on the estate was determined on March 5, 1956, after notice to all necessary parties, including the Attorney General of Ohio. The Attorney General was notified because the net estate, except for some very small bequests to members of decedent's family, passed under item IV of the will for charitable purposes, either under the testamentary trust or an *inter vivos* trust established by Davis in February, 1951, and known as "The Davis Foundation."

After the determination of the inheritance tax, the Department of Taxation of the state of Ohio waived its rights to file exceptions on March 15, 1956, and all interested persons (heirs and devisees) waived on March 23, 1956. The village of Oak Hill was paid the tax in the amount determined on April 3, 1956.

On May 2, 1956, the plaintiff, appellant herein, styling himself "an interested party" dissatisfied with the order of determination excepted thereto. A hearing was had on the exceptions, and they were overruled by the Probate Court of Jackson County on October 15, 1957. The plaintiff filed notice of appeal and perfected his appeal on questions of law to this court.

The defendant, appellee herein, filed a motion to dismiss the appeal—it is that motion which is here being considered. The first ground urged in support of the motion is that the plaintiff does not fall within the group contemplated by Section 5731.38, Revised Code. This is the statute providing for exceptions to determinations of inheritance taxes. We cannot go into this question except at such a time as this case is before us on its merits and, therefore, no further reference will be made to that question in this opinion.

We now turn to the ground of the motion to dismiss which is jurisdictional, namely, is the plaintiff a party as contemplated by the statutes of Ohio that grant the right of appeal? We must start with the fundamental doctrine of the law of Ohio

that the right to appeal exists only by virtue of constitutional or statutory provisions, or both. *Lindbloom* v. *Board of Tax Appeals,* 151 Ohio St., 250, 85 N. E. (2d), 376; *In re Mahoning Valley Sanitary District,* 161 Ohio St., 259, 119 N. E. (2d), 61. Further, the right of appeal can be determined only by the court to which the appeal is taken. *Staley* v. *Kreinbihl et al., Exrs.,* 85 Ohio App., 510, 89 N. E. (2d), 593. We must examine the statutes that govern appeals in inheritance tax cases, the statutes that govern appeals from the Probate Court and finally the statutes in Chapter 2505, Revised Code, which governs appeals generally. It is deemed necessary to include the pertinent parts of these statutes in this opinion in the interest of certainty.

Section 5731.40, Revised Code, so far as is pertinent reads as follows:

"An appeal may be taken by any party, including the Tax Commissioner, from the final order of the Probate Court under Section 5731.38 of the Revised Code in the manner provided by law for appeals from orders of the Probate Court in other cases."

This being a permissive statute which sets forth none of the necessary steps in the appeal, we must now refer to the appeal section in Chapter 2101 of the Revised Code. The pertinent part of Section 2101.42 reads as follows:

"From any final order, judgment, or decree of the Probate Court, an appeal on a question of law may be prosecuted to the Court of Appeals in the manner and within the time provided for the prosecution of such appeals from the Court of Common Pleas to the Court of Appeals. For the purpose of prosecuting appeals on questions of law and questions of law and fact from the Probate Court, the Probate Court shall exercise judicial functions inferior only to the Court of Appeals and the Supreme Court."

Here again the statute is permissive and does not outline the procedure to be followed in appeal, and we must turn to another portion of Chapter 2101, namely, Section 2101.32 which so far as pertinent to our problem reads as follows:

"The probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided for the Courts of Common Pleas and the judges thereof in vacation.

The sections of the Revised Code governing civil proceedings in the Court of Common Pleas shall govern like proceedings in the Probate Court when there is no provision on the subject in Chapters 2101 to 2131, inclusive, of the Revised Code.''

This is a procedural provision and places the Probate Court by reference in the same position as the Common Pleas Court for the purposes of appeal. This in turn brings us to Chapter 2505 of the Revised Code which defines generally that which may be appealed to this court and by whom. As to the relationship of these statutes see *In re Estate of Wyckoff*, 166 Ohio St., 354, 142 N. E. (2d), 660. Section 2505.02, Revised Code, so far as pertinent to our problem reads as follows:

''An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.''

This brings us face to face with the issue raised by the motion to dismiss the appeal on the ground that the plaintiff is not a party having the right to appeal. It will be noted that neither in the pleadings filed in the court below nor in the transcript of the evidence does the plaintiff allege that he is an heir or devisee of Davis or that he is acting by or on behalf of the village of Oak Hill or that he is a resident and taxpayer of such village. The plaintiff styles himself an ''interested party,'' and in the hearing on the exceptions in the Probate Court and by a gratuitous statement made for the record alleged that he is a resident of Jackson County who requested the Prosecuting Attorney of Jackson County to file exceptions to the determination of the inheritance tax herein, that this request was refused, and that by reason of such refusal he filed the exceptions in his own name.

The question recurs, is this sufficient to make the plaintiff a party entitled to the right of appeal as defined by the statutes of Ohio. We will start with the general statements of the law as to who may appeal and refer first to 2 Ohio Jurisprudence (2d), 765, Section 161, where the following statement appears:

''Unless an appellant can show that his rights have been

invaded, no error is shown to have been committed by the court or body which entered the final order. He must have a present interest in the subject matter of the litigation and must be aggrieved or prejudiced by the judgment, order, or decree. Since a party must not only have a present interest, but be aggrieved by the order or judgment below, inquiry must be directed into the question whether he was so aggrieved."

The next general statement of the law as to who may appeal is found in 2 American Jurisprudence, 941, Section 150, where the following statement is found:

"A cardinal principle which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have an interest in the subject matter of the litigation. His interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent, or speculative interest is not sufficient."

The leading case in the state of Ohio on this question is *Ohio Contract Carriers Assn., Inc.,* v. *Public Utilities Commission,* 140 Ohio St., 160, 42 N. E. (2d), 758. In the opinion, written by the late Judge Edward C. Turner, there are stated two tests which a party must meet before he has the right to appeal. These tests are, first, substantial interest in the litigation and, second, being aggrieved by the order or decree of the court from which the appeal is taken. That case has been cited down through the years and is the law of Ohio today. The doctrine ennunciated by Judge Turner was adhered to by that esteemed judge in his opinion in *Valley Public Service Co.* v. *Public Utilities Commission,* 144 Ohio St., 352, 59 N. E. (2d), 40, and was referred to as authority by Judge Taft in his opinion in *A. DiCillo & Sons, Inc.,* v. *Chester Zoning Board of Appeals,* 158 Ohio St., 302, 109 N. E. (2d), 8. The doctrine was applied in *Village of Amherst* v. *Wragg,* 72 Ohio App., 303, 51 N. E. (2d), 420, and *Beachler* v. *Ford,* 77 Ohio App., 41, 60 N. E. (2d), 330.

It is true that the factual situations in the cases cited above are not on all fours with the facts in the present case. The exact question before us is one of first impression, but when the foregoing cases and the law ennunciated therein are applied by analogy to the facts in the instant case, the results indicate that the plaintiff does not meet the tests required to be a proper

party entitled to an appeal. In the opinion of this court, the plaintiff herein fails to meet either the substantial interest test, because he has no interest in the case, or the aggrieved party test, for, even though he might conceivably realize a pecuniary gain or loss by virtue of this appeal, no legal right of the plaintiff has been invaded by the order determining the inheritance tax in the Davis estate or by the order overruling the plaintiff's exceptions thereto.

In the pleadings and the bill of exceptions herein certain other statutory provisions were brought into the case. We will now dispose of that phase.

Section 5731.45, Revised Code, defines the position of the Prosecuting Attorney in inheritance tax matters. When called upon by the County Auditor, the Prosecuting Attorney shall advise him when the auditor is acting as the appraiser. No request for such advice was made in this case, and, even if it had been, the advice would have had nothing to do with the determination of the tax by the Probate Court. This statute provides further that the Prosecuting Attorney shall represent the state in inheritance tax matters, but in our case the state of Ohio waived its rights to the exceptions which barred the Prosecuting Attorney from any participation on and after March 15, 1957, the date of the waiver herein.

The other statutes referred to in this matter are Sections 309.12 and 309.13, Revised Code. Section 309.12 is the so-called "watch dog" statute providing for the *protection* of *county* funds. Section 309.13 is the "taxpayer's suit" provision which applies again to county funds and provides that the suit *shall be brought* in the *name* of the *state of Ohio* for the *benefit* of the *county*. The emphasized language indicates that neither of these statutes has any application here. The county has no interest in nor does it receive any portion of the fund created by the taxation of inheritances in Ohio.

Therefore, there being no party entitled to appeal before this court, we are without jurisdiction, and the motion to dismiss the appeal must be sustained.

*Motion sustained.*

COLLIER, P. J., and GILLEN, J., concur.