## Richmond

Edwin M. Young v. State Corporation Commission.

March 9, 1964.

Record No. 5712.

Present, All the Justices.

*Edwin M. Young,* for the appellant.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the State Corporation Commission.

*M. Wallace Moncure, Jr. (E. Ballard Baker; Wicker, Baker & Goddin,* on brief), for the National Bureau of Casualty Underwriters and the Mutual Insurance Rating Bureau.

Per Curiam.

This is an appeal of right from an order of the State Corporation Commission revising the liability insurance rates in this State for automobile bodily injury and property damage on the application of the National Bureau of Casualty Underwriters and Mutual Insurance Rating Bureau. We do not reach the merits of the matter,

because we find that the appellant, Edwin M. Young, is not entitled to prosecute this appeal and that it must be dismissed.

Section 156(d) of the Constitution, after affording appeals of right from a variety of orders of the State Corporation Commission, provides that "The General Assembly may also, by general laws, provide for appeals from any other action of the commission, by the Commonwealth or by *any person interested*, irrespective of the amount involved." (Emphasis added.) Pursuant to this provision, the General Assembly has provided for such appeals by several statutes.

Code, § 12-63, provides: "The Commonwealth, *any party in interest* or *any party aggrieved* by any final finding, order, or judgment of the Commission shall have, of right, regardless of the amount involved, an appeal to the Supreme Court of Appeals, * * *." (Emphasis added.)

Code, 1953 Replacement Volume, § 38.1-279, provides that "The provisions of § 12-63 shall apply to appeals to the Supreme Court of Appeals of Virginia from any final order or decision of the Commission with respect to any matter coming within the purview of this chapter." The chapter referred to deals with the regulation of insurance rates in this State.

Code, § 12-63.1, provides that "An appeal shall lie from any order or decision of the Commission to the Supreme Court of Appeals at the instance of the applicant or *any party in interest.* * * * " (Emphasis added.)

Code, § 8-462, provides among others, for the presentation of a petition for appeal by "Any person who think himself *aggrieved*: * * * By any final order, judgment, or finding of the State Corporation Commission, irrespective of the amount involved, * * *." (Emphasis added.)

Section 156(f) of the Constitution reads in part as follows: "In no case of appeal from the commission shall any new or additional evidence be introduced in the appellate court; but the chairman of the commission, under the seal of the commission, shall certify to the appellate court all the facts upon which the action appealed from was based, and which may be essential for the proper decision of the appeal, together with such of the evidence introduced before, or considered by, the commission as may be selected, specified and required to be certified by any party in interest, as well as such other evidence, so introduced or considered, as the commission may deem proper to certify."

In this manner the jurisdiction of this court in appeals from the

State Corporation Commission is prescribed and limited by these constitutional and statutory provisions.

An examination of the record of the proceeding before the Commission in the present case, which has been certified to us in the manner required by § 156(f) of the Constitution and Rule 5:1, § 13, shows that the appellant is not a "person interested," a "party in interest" in, or a "party aggrieved" by, the order appealed from. He was not a party to the proceeding, did not ask that he be made a party, or assert any interest therein. Compare, *Jones* v. *Rhea*, 130 Va. 345, 107 S. E. 814. Indeed, so far as the record shows, he was not present at or took any part in the proceeding.

The petition for appeal states that the appellant is "the owner of an automobile on which has been issued an automobile liability insurance policy in the form approved by the State of Virginia for property damage and bodily injury liability;" that he is "a resident of Roanoke County, Virginia," and "in an area affected by the 15% increase in said rates and will be required to pay the said increase." However, there is no evidence in the record to support such statements or show that the appellant has any interest in the proceeding, or is in any manner affected thereby.

Since it thus appears that the appellant is not a "person interested," a "party in interest" in, or a "party aggrieved by," the order appealed from, he has no standing to prosecute this appeal and this court is without jurisdiction to entertain it. Accordingly the appeal is dismissed. *Nicholas* v. *Lawrence*, 161 Va. 589, 171 S. E. 673; *Virginia Association of Insurance Agents* v. *Commonwealth*, 201 Va. 249, 110 S. E. 2d 223.

*Dismissed.*