## CIRCUIT COURT OF THE CITY OF RICHMOND

Robin J. Pearsall
and Monument Avenue Park Association

v.

Virginia Racing Commission

February 20, 1997

Case No. HH-777-3

BY JUDGE T. J. MARKOW

This case is before the Court on the Amended Petition filed by residents living in the vicinity of the now operating off-track betting facility located in the City of Richmond against the Virginia Racing Commission. The Petitioners are challenging the license granted by the Commission to the owner and operator of the facility to operate it at that location. The Court held an evidentiary hearing on the issue of the Petitioners' standing to raise this appeal and has heard argument on the merits of the Petitioners' claims. The Court's decision follows.

### Facts

On October 12, 1994, the Commission issued a license to Colonial Downs, L.P., allowing it to own a horse racetrack in the Commonwealth. Also on October 12, 1994, the Commission issued a license to Stansley Racing Corp. which allows it to operate a horse racetrack in the Commonwealth.[1] As of the date of the hearing on this case, construction on this facility continued, and no races had been run at this location.

---

[1] Virginia Jockey Club, Inc. v. Virginia Racing Commission, 36 Va. Cir. 366 (1995), aff'd 22 Va. App. 275, 469 S.E.2d 70 (1996). [Reporter's Note]

On September 15, 1995, Colonial Downs and Stansley Racing (the applicants) applied to the Commission for a license to own and operate a satellite wagering facility. That application specified the proposed location of the facility to be 3200 West Broad Street in the City of Richmond. After the Commission visited the site, issued public notice, and took evidence concerning the application at a public hearing, the Commission granted the license requested. The Commission entered its final order to this effect on December 20, 1995.

On May 10, 1996, the applicants submitted a request to deviate from the plans approved by the Commission. The change requested was a relocation of the proposed facility to 4700 West Broad Street, which is located within both the City of Richmond and the County of Henrico. The Commission again reviewed the application (as amended), visited the site, gave public notice, and held a fact finding conference concerning this proposal. Many concerned parties testified at this conference, including Petitioner Pearsall. On June 25, 1996, the Commission issued its Amended and Restated Final Order, granting the license requested by the applicants.

Petitioners filed this appeal, challenging the actions taken by the Commission. The Commission has challenged the Petitioners' standing and contests the claims asserted against it.

### Standing

The first issue to be addressed is the Petitioners' standing, as it is the threshold issue determinative of the jurisdiction of the Court. *Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.,* 611 F. Supp. 1542, 1545 (E.D. Va. 1985), *aff'd* 791 F.2d 304 (4th Cir. 1986). Where a party does not rely on a "specific statute authorizing the invocation of the judicial process, the question of standing depends on whether the party has alleged such a 'personal stake in the outcome of the controversy,' *Baker v. Carr,* 369 U.S. 186, 204, as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary contest and in a form historically viewed as capable of judicial resolution.' *Flast v. Cohen,* 392 U.S. 83, 101." *Sierra Club v. Morton,* 405 U.S. 727, 732 (1972).

The only statute on which a party may rely in a case such as this one, states:

Any person aggrieved by a refusal of the Commission to issue any license or permit, the suspension or revocation of a license or permit, the imposition of a fine, or any other action of the Commission, may,

within thirty days of such action, appeal to the Circuit Court of the City of Richmond.

Va. Code Ann. § 59.1-373 (This provision has been amended, but the amendments do not apply to cases arising before July 1, 1996, which includes this case). Therefore, keeping the common law principles of standing in mind, the Court must determine whether each of the Petitioners constitutes a "person aggrieved." The appropriate standard is whether the Petitioners' claimed injury is a direct result of the board's challenged actions. In order that the Petitioners have standing they must show that they have "an immediate, pecuniary and substantial interest in the litigation and not a remote or indirect interest." *Nicholas v. Lawrence*, 161 Va. 589, 592 S.E. 673 (1933), quoted with approval in *Virginia Beach Beautification Commission v. Board of Zoning Appeals*, 231 Va. 415, 419-20 (1986).

The named Petitioners are Robin Pearsall and the Monument Avenue Park Association. Robin Pearsall is an individual owning an interest in real property located within several blocks of the satellite facility in dispute. The Association is a civic association recognized by the City of Richmond and composed of individuals residing within a several block area near to the facility. Both Petitioners are claiming the same injury — diminution in property values, Pearsall on behalf of herself and the Association on behalf of its members.

At the hearing on standing, Petitioners called two members of the Association to testify to the effects they have perceived to their property and their concerns. The Petitioners also called two experts. One of the experts, Prof. Robert Goodman, testified to the effects of gambling facilities on property values in surrounding neighborhoods as studied in other jurisdictions where gambling has been legal longer than it has been in this Commonwealth. It was his opinion that facilities such as this one cause perceptions of crime and decay in the minds of the potential buyers and sellers of the surrounding areas that adversely affect the property values. The other expert, Cecil E. Sears, testified how perceptions such as the those described by Prof. Goodman, affect local property values in Virginia.

The Court believes the testimony of these experts. It finds that the licensing of a facility to be operated in a specific location is enough, in and of itself, to create a perception and fear in the minds of the potential buyers and sellers of surrounding real estate that could drive down the value of the surrounding property. The next question for the Court to consider is whether these specific Petitioners can make this claim.

The Petitioners' expert on Virginia real estate and property values, Mr. Sears, testified that this negative impact probably will not extend very far. He said that it would likely be limited to those areas within view of and close to the facility. While the other expert found the problem to be more widespread, he admitted on cross-examination that he had no experience with or understanding of Virginia real estate in particular. Therefore, the Court accepts the expert opinion of Mr. Sears on this issue.

Petitioner Pearsall lives several blocks away from the facility. She has made no claim to be in view of the facility. As such, the Court finds that she has not proved any direct effect of the commission's action and, therefore, does not have standing to pursue this appeal. The Petition will be dismissed as to her.

The Association is made up of many members, within a given geographic area, some of whom live near Ms. Pearsall and some of whom live even closer to the facility. One of the witnesses called to testify was Landon Wellford. He lives within sight of the facility and is a member of the Association who has perceived the negative impact on property values being claimed by the Association. Mr. Wellford has made a case for standing. He is a member of the Association, but he is not a party. The evidence regarding the Association attempts to establish its standing. The problem, however, is that its sole interest is representation; i.e., any harm it suffers is through harm suffered by its members. Its harm is indirect. The Association owns no property. There is no evidence that it will lose members or money or will suffer any direct injury. It is, therefore, not a *person* aggrieved. It has no standing to pursue this appeal on behalf of its members, even though any number of them may have had standing on their own right.

As the Petitioners lack standing, the court need not address the substantive issues raised in the appeal.