## CIRCUIT COURT OF HALIFAX COUNTY

Frank Eubank Booker, III

v.

The Chastain Home
for Gentlewomen, Inc., et al.

November 14, 2005

Case No. CH05-138

BY JUDGE ROBERT P. DOHERTY, JR.

At his death in 1917, the testator created a testamentary trust that ultimately became a charitable corporation. Plaintiff filed suit for a mandatory injunction to force the charity to open all of its financial records to the general public. Defendant charitable corporation, its officers, and directors demur to the bill of complaint alleging that Plaintiff does not have standing to sue on behalf of the general public and alleging that the Attorney General is a statutorily necessary party to any such lawsuit.

Plaintiff is a first cousin of the testator, but was not named as a beneficiary in the will. The charity established by the residuary clause of the will does not contain reversionary language. The *cy pres* doctrine, which provides for the perpetuation of a trust corpus and its transfer for a similar charitable purpose if the original charity fails, prevents the charitable bequest from failing and, therefore, precludes the corpus from reverting to the decedent's estate. See § 13.1-907(3) and § 55-31, Code of Virginia (1950), as amended, which are codifications of portions of the *cy pres* doctrine. See also *Tauber v. Commonwealth*, 263 Va. 520, 539 (2002), for an application of the common law *cy pres* doctrine. In addition, Plaintiff does not qualify to receive benefits from the charity itself.

The only connection Plaintiff has with the charity, aside from his concern about following the wishes of a deceased family member, is as a member of the general public. He does not have a pecuniary interest or a substantial interest of any sort in the corpus, interest, income, benefits, or operation of the charity. He has no personal stake in the outcome of the controversy he is attempting to raise. His only interest is to advance some perceived public right or to redress some anticipated public injury. In the eyes of the law, he is a stranger to the conflict he is trying to create. As such, he has no standing to instigate or to participate in this litigation. *Cupp v. Board of Supervisors*, 227 Va. 580, 589 (1984); and *Nicholas v. Lawrence*, 161 Va. 589, 592-93 (1933). Accordingly, the demurrer is sustained with prejudice.

This matter having been resolved on the question of lack of standing, the issue of whether or not the Attorney General is a necessary party to this litigation by virtue of Va. Code § 2.2-507.1 is rendered moot.