# CIRCUIT COURT OF LOUDOUN COUNTY

INOVA Loudoun Hospital

v.

Karen Remley,
State Health Commissioner,
Health Systems Agency of
Northern Virginia, Inc.,
Northern Virginia Community
Hospital, L.L.C.,
and Inova Health Care Services,
d/b/a Inova Fair Oaks Hospital

March 6, 2009

Case Nos. CL-50734, CL-50735, CL-50736

BY JUDGE THOMAS D. HORNE

These three related cases arise out of a decision made by the State Health Commissioner to grant a "significant change request" to the Northern Virginia Community Hospital, L.L.C. ("NVCH") in connection with the issuance of Certificate of Public Need ("COPN") Number VA-03931 for the establishment of a hospital to be known as the Broadlands Regional Medical Center to be located in Loudoun County, Virginia. The COPN was issued to NVCH on May 13, 2005, and a completion date of January 15, 2007, was envisioned. In accordance with COPN Rules, the NVCH COPN was valid for a period of one year. Subsequently, the Commissioner, at the request of NVCH, granted two one-year extensions of the COPN. After granting the extensions of the COPN, the Commissioner found that NVCH was entitled to a further extension based upon a showing that delays in the construction of the

412

Medical Center were occasioned by "events beyond the control" of NVCH and that NVCH be exempt from complying with that portion of the relevant rule that would require a showing of "substantial and continuing progress towards completion of the project." 12 VAC 5-220-130, Significant Change Limitation. Thus, by letter to counsel for NVCH dated May 9, 2008, the State Health Commissioner wrote:

> [i]n order to extend COPN Number VA-03931 beyond thirty-six months, I must find that the delay in completion of the project is beyond the control of Northern Virginia Community Hospital and that it has made substantial and continuing progress toward completion of the project. Appeal of a COPN decision to the Courts by an aggrieved party is a necessary and appropriate part of the process. However, permitting the appeal process to force a certificate holder to either proceed with an uncertain project or risk expiration and loss of the COPN is not in the best interests of the Commonwealth. I believe that the appeal of the case decision awarding COPN Number VA-03931 to Northern Virginia Community Hospital constitutes an "event beyond the control of the owner." Any other reasons for delay in progress in completion of the project are subordinate to the judicial appeal because, even had the other causes of delay been resolved, Northern Virginia Community Hospital would still be embroiled in the appeal of the decision granting the authorizing COPN.
> 
> Virginia Code § 32.1-12 authorizes the Board of Health to "provide for reasonable variances and exemptions" from its regulations. Pursuant to Virginia Code § 32.1-20, the State Health Commissioner is vested with "all the authority of the Board [of Health] when it is not in session." As the Board is not currently in session, I am exercising my authority and find that reasonable exemptions to Health Department regulations are necessary to carry out the provisions of Title 32.1 relating to the COPN program. I hereby exempt Northern Virginia Community Hospital from 12 VAC 5-220-460a and D. I am also exempting Northern Virginia Community Hospital from the requirement in 12 VAC 5-220-130 that it demonstrate "substantial and continuing progress toward completion of the project" in order to receive an extension of its certificate beyond 36 months.

The exemption issued to Northern Virginia Community Hospital applies solely to COPN number VA-03931. The exemption will remain in effect until April 11, 2009, or until the exemption is revoked.

Having found the delay in completion of the project authorized by COPN number VA-03931 has been caused by events beyond the control of Northern Virginia Community Hospital, I hereby grant the significant change request and extend COPN number VA-03931 for a period of 12 months.

Plaintiff, Loudoun Hospital Center ("LHC"), also identified in the record as Inova Loudoun Hospital ("ILH"), was a party to the administrative proceedings leading to the granting of the COPN. For reasons stated in their papers, LHC opposed the granting of the COPN to NVCH and continued to voice its objections to the granting of extensions when acted upon by the Commissioner. LHC seeks judicial review of the decision of the Commissioner to further extend the COPN in accordance with the terms of her letter of May 9, 2008. While LHC was a named party in the administrative proceedings leading to the granting of the COPN and subsequent judicial review of the grant, it has not been recognized as such by the Commissioner in the granting of the subsequent extension requests.

The Commissioner and NVCH, by way of motions to dismiss and pleas of sovereign immunity, contend that LHC lacks standing to proceed in each of the three review proceedings. In deciding the issue, the Court must consider the continued viability of the doctrine of sovereign immunity in the Commonwealth that would shield, "the state from burdensome interference with the performance of its governmental functions and preserve its control over state funds, property, and instrumentalities." *Virginia Bd. of Medicine v. VPTA*, 13 Va. App. 458, 464 (1991) (authorities omitted). Thus, the Board of Health and the Commissioner are immune from suit unless the Commonwealth has expressly waived such immunity by "explicit and express" statutory pronouncement. *Id.* at 463. As applied to the instant case, the General Assembly has waived immunity and permitted judicial review of rules and case decisions as defined and promulgated in accordance with the provisions of the Virginia Administrative Process Act (VAPA). *Id.* at 466. However, the VAPA "does not vest circuit courts with appellate authority over all agency decisions." *Laurels of Bon Air v. Medical Facilities*, 51 Va. App. 583, 591 (2008) (authorities omitted). Writing for the Court of Appeals, Judge Kelsey noted that:

[o]nly those [agency decisions] within the definition of a "case decision" fall within the scope of the VAPA's judicial review provisions [citing Code § 2.2-4026]. A "case decision" results from an agency proceeding involving a "named party." Code § 2.2-4001. . . . . A "named party" who loses an agency case decision ordinarily can seek judicial review under VAPA. A party who is "not named," but a party nonetheless, can appeal to circuit court if he is genuinely "aggrieved" by the case decision, see Code § 2.2-4026, or qualifies as a "necessary party" essential to the resolution of the appeal. *Browning-Ferris, Inc. v. Residents Involved*, 254 Va. 278, 282, 492 S.E.2d 431, 434 (1997), or is otherwise deemed a party under Rule 2A:1. Nonparties, however, cannot appeal a case decision to the circuit court under VAPA. They can appeal, however, the agency's decision to exclude them from participating in the administrative process. . . .

*Laurels* at 591.

However, as noted by the defendants in their papers and argument, the question of whether nonparties have a right to appeal is not implicated in the instant case. In *Laurels*, the Court expressly noted the procedures for holding public hearings and granting good-cause standing to nonparties was not applicable to that case. Va. Code Ann. § 32.1-102.6. They are not applicable to the facts of this case as well.

As the Court of Appeals has noted, "a person cannot appeal a case to which he is not a party." *Tidewater Psychiatric Institute, Inc. v. Buttery*, 8 Va. App. 380, 383 (1989). In *Tidewater*, the Court limited the right of appeal of a person not a party to a COPN application review to the issue of standing and a right to intervene in accordance with the "good cause standing" provisions of Va. Code Ann. § 32.1-102.6. In doing so, the Court recognized that it is the refusal of the Commissioner to grant intervention within the context of a determination of "good cause standing" that is the linchpin for appellate review and not the substance of the underlying complaint. Thus:

"Good cause" may be may be found only if the person seeking admission to the litigation can prove the existence of one of three conditions enumerated in the statute: the exclusion of significant relevant information, a significant change in the factors or circumstances relating to the application, or a mistake of fact or law in the staff report or report of the health system agency.

*Tidewater* at 384.

Even were the Court to determine that the plaintiff in these cases was a party to a case decision, it must establish itself as aggrieved by the ruling of the Commissioner. To be aggrieved, it must possess, "a substantial grievance, a denial of some personal or property right . . . or the imposition upon [it] of a burden or obligation." *Strawbridge v. County of Chesterfield*, 23 Va. App. 493, 499 (1996) (authority omitted).

The VAPA provides specific guidance as to what constitutes a "case" or "case decision." Thus:

> "[c]ase" or "case decision" means any agency proceeding or determination that, under the laws and regulations at the time, a named party as a matter of present fact, or of threatened or contemplated private action, either is not or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

Va. Code Ann. § 2.2-4001.

In applying this definition, the Supreme Court of Virginia has observed:

> [t]he Reviser's Notes to this statute state that the "heart" of a case decision "is a fact determination respecting compliance with law." For example, case decisions are those decisions "of a declaratory nature issued in advance of contemplated private activities" or those "forbidding named parties from acting . . . or threatening to act in some way . . . forbidden by the basic laws, the regulations, or other applicable law under which the agency is operating."

*Kenley v. Newport News Hosp. Assoc.*, 227 Va. 39, 44 (1984).

In evaluating the facts in the instant case, it is important to keep in mind the distinction to be drawn as to the existence of a "case decision" as to the extension request of NVCH and the absence of others from the relevant Rule. As noted by defendants:

> 12 VAC 5-220-130 governs the significant change process and provides. . . .

Such request for a significant change shall be made in writing by the owner [of the COPN] to the commissioner with a copy to the appropriate health planning agency . . . the regional health planning agency shall review the proposed change and notify the commissioner of its recommendation with respect to the change within 30 days from receipt of the request by both the department and the regional health planning agency. . . . The commissioner shall act on the significant change request within 35 days of receipt. A public hearing during the review of a proposed significant change request is not required unless determined necessary by the commissioner. . . .

A "party" is defined as:

[A]ny person affected by and claiming the unlawfulness of a regulation or a party aggrieved who asserts a case decision is unlawful and any other affected person or aggrieved person who appeared in person or by counsel at a hearing, as defined in § 2.2-4001 with respect to the regulation or case decision, as well as the agency itself.

Va. Sup. Ct. Rule 2A:1.

With these general principles in mind, the Court will examine each of the three cases in which judicial review has been sought.

### Case No. 50734 ("Party Status Case")

In this case, LHC has appealed the party status determination made by the Commissioner. While there is no written record of a case decision by the Commissioner that would deny party status to LHC, the plaintiff suggests that the Commissioner's actions constituted a denial. LHC is not a named party, a necessary party, or party aggrieved by the decision. However, as a nonparty, it would be entitled to appeal only a decision to exclude them from the administrative review and extension request relating to COPN. While, the Court finds that LHC would have standing to contest party status, nevertheless, LHC has failed to establish itself as a party genuinely aggrieved and therefore lacks standing to contest the decision of the Commissioner as reflected in the May 9, 2008, decision. In determining whether LHC is an "aggrieved party," the Court must look to the settled law in Virginia. Thus "in order for a petitioner to be aggrieved . . . it must affirmatively appear that

[such person] had some direct interest in the subject matter of such proceeding [that he seeks to attack]." *Nicholas v. Lawrence*, 161 Va. 589, 592, 171 S.E. 673, 674 (1933). "The petitioner 'must show that he has an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest'." *Id.* at 593, 171 S.E. at 674.

Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally. *Virginia Assoc. of Ins. Agents v. Commonwealth*, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959); *Virginia Beach Beautification Comm. v. Board of Zoning Appeals*, 231 Va. 415, 419-20 (1986).

As will be discussed later, any perceived harm to the plaintiff is remotely speculative.

The Motion to Dismiss for lack of standing is granted, and the Plea of Sovereign Immunity is sustained. This case is dismissed with prejudice.

### Case No. 50735 ("Regulation Case")

LHC asserts in this petition for review that the Commissioner exceeded her authority in promulgating a regulation giving her the power to grant on a case-by-case basis reasonable exceptions to Health Department regulations. The action of the Commissioner does not constitute, by definition, passage of a rule or regulation. In contrast to a case decision:

> Under the VAPA, "rule" and "regulation" are defined as "any statement of general application, having the force of law, affecting the rights or conduct of any person, *promulgated* by an agency in accordance with the authority conferred on it by applicable basic laws." "Promulgate" means to publish or to announce officially and is commonly used in the context of the "formal act of announcing a statute." The VAPA and the Virginia Register Act provide the procedure for the promulgation and adoption of a rule or regulation. An agency's rule or regulation is invalid if the agency failed to comply with these statutes in the promulgation process.

*Virginia Bd. of Medicine v. VPTA*, 13 Va. App. 458, 466 (1991) (authorities omitted).

In her letter extending the COPN, the Commissioner expressly limited the effect of the decision "solely to COPN number VA-03931." This is not a statement of general obligation.

The Motion to Dismiss for lack of standing is granted, and the Plea of Sovereign Immunity is sustained. This case is dismissed with prejudice.

*Case No. 50736 ("Merits Case")*

In this case, LHC seeks on appeal to challenge the authority of the Commissioner to grant the extension in COPN number VA-03931. Specific assignments of error suggest that the case decision was not supported by substantial evidence; that the Commissioner exceeded her authority in granting the approval in contravention of statute and regulations of the Board of Medicine; that the Commissioner failed to comply with the authority granted to her to grant "significant change requests" (Va. Code Ann. § 32.1-102.2(B); 12 VAC 5-220-440(B); 12 VAC 5-220-220-130); and that the reliance on the Commissioner on the provisions of Va. Code Ann. §§ 32.1-12 (rule making authority granted the Board) and 32.1-20 (authority of the Commissioner to act when the Board is not in session subject to rules and regulations prescribed by the Board) in granting a variance or exception to the rules was misplaced.

Again, the defendants have filed a motion to dismiss for lack of standing and plea of sovereign immunity to this appeal on the merits of the decision of the Commissioner. LHC was not a party to the case decision. However, assuming, without deciding, that objections noted in correspondence by LHC to the Commissioner that were not recognized nor memorialized in a case decision, nevertheless, made it a party to that proceeding, any appeal to this Court is precluded since it does not meet the test for those seeking judicial review of the Commissioner. LHC is not a named party, a necessary party, otherwise deemed a party by Rule, or an aggrieved party.

LHC would seek to convince the Court that it is an "aggrieved party" or necessary party to the decision of the Commissioner. As counsel have noted, a necessary party is one who, "is in the actual enjoyment of the subject matter or has an interest in it, either in possession or expectancy, which is likely to be defeated or diminished by the plaintiff's claim, in such a case he has an immediate interest in resisting the demand, and all persons who have such an immediate interests are necessarily parties to the suit."

*Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89-91 (1996). Counsel for LHC argue that the decision of the Commissioner to grant the significant change request:

> [I]mposed a burden or obligation on ILH (LHC) different from that suffered by the public generally. The unlawful 2008 Extension Decision resulted in an improper deprivation of ILH's rights in the 16-inpatient bed authorized by COPN No. VA-04049 because the obligation to relinquish them would have been eliminated had the 2008 Extension Request been denied and the NVCH COPN been allowed to expire. Further, as ILH has previously demonstrated, BRMC will have a substantial adverse impact, both economic and operational, on ILH. There is a substantial duplication of services between those provided at ILH and those provided at BRMC. The provision of these duplicative services at BRMC, in close proximity to ILH, will reduce ILH's inpatient and outpatient utilization, cause significant financial harm to ILH, and prevent ILH from being able to develop and support more extensive and sophisticated services because the necessary "critical mass" of patients will not exist to support them.

In large measure, the arguments of the plaintiff were adjudicated at the time of the issuance of the COPN to NVCH, a decision that was the subject of judicial review and is finally concluded. Any judicial review afforded a party aggrieved in this case, cannot rely on a record from another case decision. Moreover, as counsel for the defendants have observed, any final decision relative to the issuance of the COPN to NVCH would, by reason of the doctrine of collateral estoppel, bar litigation of factual determinations essential to the final judgment in the prior proceeding. Thus, "[t]he doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a subsequent proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding." *Loudoun Hosp. Center v. Stroube*, 50 Va. App. 478, 492 (2007) (recognizing the doctrine may apply to an administrative proceeding relating to issuance of COPN) (authority omitted).

Those facts upon which the COPN was issued and determined are not impacted by the request for an extension and, thereby, bootstrap party status in these cases. With respect to the issue of COPN number VA-04049, a few further comments are necessary.

On October 3, 2006, the State Health Commissioner issued to LHC a COPN for the:

> [a]ddition of 16 acute care beds. Authorization for these beds shall extend for a period not to extend in time beyond one year after the opening and operationalization of Broadlands Regional Medical Center. The total authorized capital cost of the project is $7,500,000. The project will be financed entirely from accumulated corporate reserves. The project is scheduled to be completed by July 30, 2007.

On October 2, 2006, the Commissioner denied NVCH's petition to show good cause and become a party to the administrative review of LHC's request that led to the issuance of COPN No. VA-04049. As counsel for the defendants have observed, the May 9, 2008, extension does not affect any immediate property right that LHC may have by reason of the COPN to the sixteen beds. It is not the extension of COPN number VA-03931 that forces a relinquishment of beds, but the terms of COPN number VA-04049. Furthermore, as previously noted, the relinquishment of ILH's sixteen beds, if and whenever that may occur, is not in the nature of an immediate interest that would support aggrieved party status.

### Summary

The Court finds that the plaintiff lacks standing to challenge the action taken by the Commissioner in granting an extension of the COPN by her letter dated May 9, 2008, as it is not a named party, aggrieved party, necessary party, or party identified by rule and that the Commonwealth has not otherwise relinquished immunity to the plaintiff to pursue these actions. Had the General Assembly intended that the plaintiff be entitled to relief under the facts of these cases, it would have said so.

The appeals are dismissed with prejudice.