COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Athey
Argued at Lexington, Virginia

DEBORAH CALDWELL-BONO AND
 BENNY BONO

v.      Record No. 1870-18-3

STATE BUILDING CODE TECHNICAL REVIEW
 BOARD AND MORGAN YATES, ROANOKE
 COUNTY BUILDING COMMISSIONER

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
NOVEMBER 26, 2019

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
David A. Melesco, Judge

Terry N. Grimes (Grimes & Haddox, P.C., on briefs), for
appellants.

Justin I. Bell, Assistant Attorney General; Peter S. Lubeck, Senior
Assistant Roanoke County Attorney (Mark R. Herring, Attorney
General; Donald D. Anderson, Deputy Attorney General; Heather
Hays Lockerman, Senior Assistant Attorney General & Section
Chief, on brief), for appellees.

Appellants Deborah Caldwell-Bono and Benny Bono ("the Bonos"), pursuant to the

Virginia Administrative Process Act ("VAPA"), appeal the Circuit Court of Roanoke County's

order sustaining appellees' demurrer because the circuit court determined that the Bonos were

not "aggrieved" parties under VAPA. See Code § 2.2-4026(A); Code § 17.1-405. For the

following reasons, we affirm.

I. BACKGROUND

This case comes to us, as it did to the circuit court, pursuant to VAPA's judicial review

provisions. We therefore "review 'the facts in the light most favorable to sustaining the agency's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

action.'" <u>French v. Virginia Marine Res. Comm'n</u>, 64 Va. App. 226, 229 (2015) (quoting <u>Comm'r, Va. Dep't of Soc. Servs. v. Fulton</u>, 55 Va. App. 69, 79 (2009)).

The Bonos own several pieces of property near the property of Kimberly Bolden and her mother (collectively, "the Boldens"). The Bonos' personal residence is next door, and they also own and operate an equestrian center across a public road from the Boldens' property. Additionally, the Bonos own a residential rental property nearby. The Boldens own and operate "Triple J Farm." On that property, they have a private residence, a small cattle farm, and a barn, the last of which the Boldens use to host weddings and other events. They do so under a special use permit from the county. Although the land is zoned agricultural, the special use permit allows the Boldens to host up to 21 paid events a year, with a maximum of 150 guests per event. The Boldens' barn also houses farm equipment and supplies, even during these special events, and is otherwise used for agricultural purposes. The barn is over 50 feet from the Bonos' property line.

The Bonos complained that the Bolden event business, conducted pursuant to the special use permit, caused noise, traffic, and safety risks. Specifically, the Bonos argued that the number of people and vehicles present for these events negatively affected their equestrian center's business and made it more difficult to find renters for the residential property. They also argued, citing the opinion of an architect, that the barn created a "significant risk of fire" and affected the safety of their property because of exposed wiring in the barn. They further allege that this fire risk deterred equestrian center customers and potential renters. Collectively, the Bonos argue the Boldens' event business caused them pecuniary losses.

The Bonos complained to the Building Commissioner, who concluded that the Bolden property was a "farm building" and thus exempt from the Virginia Uniform Statewide Building Code ("state building code"), meaning the barn was exempt from inspection as a commercial

property. Roanoke County's Building Code Board of Adjustments and Appeals ("County Appeals Board") affirmed the decision. The Bonos appealed that decision to the State Building Code Technical Review Board ("TRB"), which held that appellants were not aggrieved by the Building Commissioner's decision. The TRB did not reach the Bonos' challenge to the Bolden property's zoning or the issuance of the special use permit because that was the subject of a separate action. The Bonos appealed to the circuit court, which sustained appellees' joint demurrer on the grounds that the Bonos were not aggrieved parties under VAPA. The Bonos appeal that decision to this Court.

## II. ANALYSIS

As a preliminary point of clarification, this Court's present review solely concerns the TRB's determination that the barn is a "farm building," exempt from the state building code, and whether the Bonos are "aggrieved" and thus able to challenge that particular decision. The property's zoning classification and the county's issuance of, or the Boldens' compliance with, the special use permit are the subject of a separate appeal and therefore are not before us. Accordingly, we confine our discussion to the Bonos' right to challenge the TRB's determination that the barn was a "farm building," *i.e.*, whether the Bonos are an "aggrieved" party under VAPA with respect to that decision.

Appeals taken from the TRB are governed by VAPA. Code § 2.2-4026(A) provides that "[a]ny . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by" the appropriate circuit court, whose judgment is further subject "to appeal to or review by higher courts as in other cases . . . ." An appeal from a circuit court's decision in a VAPA matter may be brought to this Court by "[a]ny aggrieved party." Code § 17.1-405(1).

"The word 'aggrieved' in a statute . . . refers to a substantial grievance, a denial of some personal or property right, . . . or the imposition upon a party of a burden or obligation." Strawbridge v. Cty. of Chesterfield, 23 Va. App. 493, 499 (1996) (quoting D'Alessio v. Lukhard, 5 Va. App. 404, 408 (1988)). That deprivation or imposition must be distinct from that suffered by the public; in other words, it must not be "in common with other persons similarly situated." Virginia Beach Beautification Comm'n v. Board of Zoning Appeals, 231 Va. 415, 419 (1986) (quoting Virginia Ass'n of Ins. Agents v. Commonwealth, 201 Va. 249, 253 (1959)). The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." Id. (quoting Nicholas v. Lawrence, 161 Va. 589, 593 (1933)).

Here, there is no evidence that the Bonos suffered any deprivation of a personal or property right, or an imposition of any burden or obligation on their rights, from the determination that the Boldens' barn was a "farm building." The Bonos' complaints are predominantly concerned with noise and activity related to the special use permit, which the TRB found, and we agree, are more germane to their appeal of the county's zoning decisions and issuance of the special permit, not the matter before us here. To the extent that the barn's exemption from inspection exacerbates a purported risk of fire, such a risk is purely speculative and cannot constitute an actionable denial of a right or imposition of an obligation on the Bonos, whose property line starts over 50 feet from the Boldens' barn. Finally, it strains credulity to find that this speculative risk of fire, which is based upon information that a prospective customer or renter would not possess, somehow would deter those individuals from patronizing the Bonos' equestrian business or renting the property. At most, the Bonos have alleged a "remote and indirect" interest, not an "immediate, pecuniary and substantial interest" in the barn's inspection.

To be "aggrieved" under VAPA amounts to more than being merely affected, interested, or even impacted.  The Bonos have no personal or property right in the Boldens' property or the barn itself.  Their arguments regarding pecuniary loss are either speculative or unsubstantiated by any evidence beyond their own conclusory assertions.  We cannot say that the barn's designation as a "farm building," and its resulting exemption from inspection under the state building code, deprived the Bonos of any personal or property right, or imposed any burden or obligation upon them.  As such, they are not aggrieved parties and may not appeal the TRB's determination under VAPA.

### III.  CONCLUSION

With respect to the TRB's designation of the Bolden barn as a farm building, the Bonos are not aggrieved parties under VAPA.  Thus, the circuit court did not err in sustaining appellees' demurrer.

Affirmed.