**Alexandria**

GREGORY J. D'ALESSIO

v.

WILLIAM A. LUKHARD, COMMISSIONER, et al.

No. 0752-86

Decided January 5, 1988

COUNSEL

Stephen C. Glassman (Bonner & O'Connell, on brief), for appellant.

Thomas J. Czelusta, Assistant Attorney General (Mary Sue Terry; John A. Rupp, Senior Assistant Attorney General, on brief), for appellee.

OPINION

**HODGES, J.** — In this appeal, a matter of first impression in this Commonwealth, we must determine if the appellant, father of an allegedly sexually abused child, had standing under the Administrative Process Act to appeal the ruling of the Commissioner of Social Services that expunged the name of the suspected abuser from the central registry for child abuse and neglect.[1] We find he did not and affirm the trial court.

The appellant and his wife were in the process of divorce in 1984. The only child of the couple, a two and half year old daughter, was in the custody of the mother with liberal visitation rights vested in the appellant. Relying on information related by his daughter, appellant believed she was the victim of sexual abuse by his estranged wife's boyfriend, Roland Wommack. On this basis the child was examined by a physician and ultimately by the Children's Hospital National Medical Center in Washington, District of Columbia. The examiners concluded that the child had been abused and reported their findings to the Virginia Hotline of the Virginia Department of Social Services.

The Fairfax County Social Services Department conducted an investigation and determined that there was foundation for the complaint. As a result of this finding, Wommack's name was en-

---

[1] In 1975, the General Assembly of Virginia in an effort to combat child abuse and neglect enacted legislation requiring that such incidents be reported. Code § 63.1-248.1. The act created the Child Protective Services Unit in the State Department of Social Services which, among its other duties, was required "[t]o maintain a central state registry of all reports of child abuse and neglect within the Commonwealth." Code § 63.1-248.7(I).

In compliance with these statutes, the Virginia Department of Social Services promulgated rules and regulations governing the reporting and retention of records regarding child abuse and neglect. The validity of the rules and regulations is not challenged in this proceeding and as adopted have the force and effect of law.

tered on the central registry as a child abuser pursuant to Code § 63.1-248.6(D)(2). Wommack appealed the entry to the Chief of the Bureau of Child Welfare Services. The appellant received no notice of Wommack's appeal but was allowed to submit a letter and other evidence in support of the Fairfax County department's findings. The local board's determination was upheld.

Then, in accordance with the provisions of the Child Protective Services Procedural Manual, Vol. VII, Section III, Chapter A(3),[2] Wommack appealed to the Commissioner of Social Services who reversed the prior decisions and ordered that Wommack's name be expunged from the registry. D'Alessio did not receive notice of the appeal to the Commissioner and learned of it after the ruling. He then filed his notice and petition for appeal from that ruling to the Fairfax County Circuit Court. He alleged that as the father he had a constitutional right to participate in matters affecting the welfare of his child and that his rights under the Administrative Process Act had been violated. The Commissioner demurred to the petition on the grounds that D'Alessio had no standing. The trial court sustained the demurrer, holding that there is no fundamental right of a parent to participate in such a process and that D'Alessio was not an aggrieved party within the meaning of the law.

The appeal provisions of the Administrative Process Act provide in pertinent part:

Any person affected by and claiming the unlawfulness of any regulation, or any party aggrieved by and claiming unlawfulness of a case decision, as the same are defined in § 9-6.14:4 of this Chapter, and whether or not excluded from the procedural requirements of Article 2 (§ 9-6.14:7.1 et seq) or 3 (§ 9-6.14:11, et seq) hereof, shall have a right to direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the Rules of the Supreme Court of

---

[2]  3) *Procedures For Appeal to the Commissioner, State Department of Social Services*
  (a)  A person may appeal the refusal of the Chief of the Bureau of Child Welfare Services to approve either of the following:
    (1)  amending of a record or report,
    (2)  purging of a record.

Virginia.

Code § 9-6.14:16.

Appellant argues that, as a parent, he had a right to participate in the administrative process, and because he is aggrieved, to appeal the decision. He further argues that it was he who filed the complaint which initiated the investigation resulting in Wommack's name being placed on the registry. Although he received no notice of any of the proceedings, he was permitted at some stages to present evidence in support of his complaint.

The appellee concedes that as a noncustodial parent Mr. D'Alessio has an interest in the well being of his child. However, appellee argues that this alone does not create standing. Appellant further argues that nothing in the Commissioner's decision directly affected Mr. D'Alessio; that his rights with his child were neither restricted nor expanded; that he was not directed to perform any act or fulfill any obligation, directly or indirectly; that he was not a party to the proceeding because he was never served with notice; and that the Commissioner of Social Services was without authority to enter any order or decree that would directly affect him. Finally, appellee contends that D'Alessio is not an aggrieved party within the meaning of the Administrative Process Act.

█ We hold that while appellant as a parent had an understandable interest in Wommack's name being removed from the registry, it was not a legal interest sufficient under the law to give him standing to appeal to the Circuit Court of Fairfax County from the ruling of the Commissioner of the Virginia Department of Social Services.

> Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the administrative act and the terms of the statute.

73A C.J.S. *Public Administrative Bodies and Procedure* § 189 (1983).

In the proceedings below, the only issue was whether Wommack's name should remain on the record. This was not a proceeding to determine Wommack's guilt or innocence. The proceeding in no way affected the father's rights to pursue other means of direct relief. He could have petitioned the Juvenile and Domestic Relations Court to prosecute, or he could have sought injunctive relief. These and any other rights he may have had were not affected by the Commissioner's expungement of Wommack's name. Further, the ruling that Wommack appealed from was favorable to appellant and even if he were a proper party he would have had no appeal from the Chief of the Bureau of Child Welfare Services. Under the regulations, only the refusal of the Chief of the Bureau of Child Welfare Services to purge Wommack's name could be appealed.

Furthermore, appellant is not an "aggrieved" party as defined by the Virginia Supreme Court. In *Insurance Association v. Commonwealth*, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959), and *VEC v. City of Virginia Beach*, 222 Va. 728, 284 S.E.2d 595, 597 (1981), the Supreme Court, quoting from 4 C.J.S. *Appeal & Error* § 183b, said: "The word 'aggrieved' in a statute, it has been held, refers to a substantial grievance, a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation; * * *." Appellant was denied no personal or property rights and no burden or obligation was imposed upon him.

For the foregoing reasons, we affirm.

*Affirmed.*

Koontz, C.J., and Duff, J. concurred.