Present:  All the Justices

COMMONWEALTH OF VIRGINIA

OPINION BY
v.  Record No. 972382          CHIEF JUSTICE HARRY L. CARRICO
September 18, 1998
EUGENE NAKIA HARLEY

FROM THE COURT OF APPEALS OF VIRGINIA

In this case, the defendant, Eugene Nakia Harley, was convicted in the Circuit Court of the City of Virginia Beach of one count of robbery, two counts of abduction, and three counts of the use of a firearm in the commission of a felony.  He was sentenced to serve a total of forty-three years in the penitentiary, with twenty-five years suspended.

Harley appealed his convictions to the Court of Appeals, raising the sole question whether the trial court erred in denying his motion for a transcript of a suppression hearing at state expense.  In a published opinion, the Court of Appeals held that Harley was constitutionally entitled to a free transcript of the suppression hearing and, therefore, that the trial court erred in denying Harley's motion with respect thereto.  Harley v. Commonwealth, 25 Va. App. 342, 350, 488 S.E.2d 647, 650 (1997).  However, the Court of Appeals found that there were "no significant discrepancies between the witnesses' testimony at the suppression hearing and their testimony at trial" and that "[t]he evidence of [Harley's] guilt was overwhelming."  Id. at 351, 488 S.E.2d at 651.  Accordingly, the Court of Appeals held that the trial court's error

in denying Harley a free transcript was harmless, and the court affirmed Harley's convictions.  Id.

The Commonwealth filed a petition for appeal with this Court, seeking reversal of the judgment of the Court of Appeals insofar as it held that "the trial court was constitutionally obligated to provide Harley with a free copy of his suppression hearing transcript."  Harley filed a brief in opposition in which he assigned cross-error to the Court of Appeals' ruling that the failure of the trial court to provide him a transcript at state expense was harmless error.  In his brief in opposition, Harley also attacked the Commonwealth's standing to appeal the judgment of the Court of Appeals.

We awarded the Commonwealth an appeal and refused Harley's assignment of cross-error.  He has not participated further in this proceeding.

On the question of standing, the Commonwealth asserts that it is a "party aggrieved" within the meaning of Code § 17-116.08, which provides in pertinent part that "any party aggrieved by a final decision of the Court of Appeals, including the Commonwealth, may petition the Supreme Court for an appeal."  The Commonwealth says that "[t]he decision of the Court of Appeals, if not modified, inevitably would lead to the squandering of substantial amounts of public monies, inasmuch as defendants would be constitutionally

2

entitled to transcripts of a host of pre-trial proceedings in order, supposedly, to honor their rights to a fair trial and due process."

The Commonwealth states on brief that the word "'aggrieved' is defined in the dictionary as 'feeling distress or affliction' or 'treated wrongly; offended.' American Heritage Dictionary 87 (2d ed. 1991)." The Commonwealth also notes that in Virginia Beach Beautification Commission v. Board of Zoning Appeals, 231 Va. 415, 344 S.E.2d 899 (1986), we elaborated upon the meaning of the word "aggrieved" as follows:

> The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. . . . The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

Id. at 419-20, 344 S.E.2d at 902-03 (emphasis added) (citation omitted). The Commonwealth then argues that because the decision of the Court of Appeals "will have the effect of imposing substantial new financial burdens on the Commonwealth to provide transcripts to indigent defendants who previously would not have been entitled to them, the Commonwealth has standing in this appeal."

Finally, the Commonwealth submits that "even though [it] ultimately prevailed in the Court of Appeals, it nevertheless is an 'aggrieved' party under [§ 17-116.08]." The Commonwealth

3

argues that the statute does not state that "the losing party" or "the party that did not prevail" may seek review in this Court. Instead, the Commonwealth says, the statute provides only that "any party aggrieved" may appeal, and the use of this less restrictive language evinces "the intent of the General Assembly to authorize appeals by the Commonwealth, at least under the circumstances of this case."

We do not agree that the Commonwealth is aggrieved by the Court of Appeals' ruling with respect to the issue of Harley's entitlement to a free transcript of his suppression hearing. That issue was rendered moot by the Court of Appeals' further ruling that the error in the trial court's denial of a free transcript was harmless. As a result, the Commonwealth was excused from providing Harley with a free transcript of his suppression hearing. So far as this case is concerned, therefore, and we can be concerned only with this case, the harmless error ruling avoided the "imposition of a burden" upon the Commonwealth and the "squandering of . . . public monies" on "transcripts . . . of pre-trial proceedings."

The Commonwealth is apprehensive, of course, about the effect the Court of Appeals' decision will have upon future cases. But the Commonwealth's concerns are hypothetical and can only be based, at best, upon speculation and conjecture. Its apprehension, therefore, is not sufficient to qualify it as

4

a "party aggrieved" within the meaning of Code § 17-116.08 and the explication given the word "aggrieved" in the case of Virginia Beach Beautification Commission v. Board of Zoning Appeals, supra. Neither the statute nor the case can be read to provide the Commonwealth a present appeal based upon the apprehension that it will suffer the imposition of some future burden.

In reality, the Commonwealth invites this Court to render an advisory opinion on a moot question based upon speculative facts. This is an exercise in which the Court traditionally declines to participate. "The reason . . . is that the courts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative." City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964); see also Ridgwell v. Brasco Bay Corp., 254 Va. 458, 462-63, 493 S.E.2d 123, 125 (1997); Blue Cross & Blue Shield v. St. Mary's Hosp., 245 Va. 24, 36, 426 S.E.2d 117, 123-24 (1993).

Accordingly, we decline the Commonwealth's invitation to render an advisory opinion in this case. Instead, we will await the arrival of a case in which a conviction has been reversed for the failure of a trial court to provide an indigent defendant with a free transcript of a pretrial hearing.

5

In the meantime, because in the present case the Commonwealth is not a "party aggrieved" within the meaning of Code § 17-116.08, we will dismiss this appeal.

Appeal dismissed.