COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


GRADY W. PERRY
                             MEMORANDUM OPINION[**] BY
v.    Record No. 1366-98-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                  FEBRUARY 2, 1999
CLARENCE H. CARTER, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  John C. Morrison, Jr., Judge

          Bernard T. Holmes (Holmes & Associates, P.C.,
          on brief), for appellant.

          Cheryl A. Wilkerson, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Ashley L. Taylor, Jr., Deputy Attorney
          General; Siran S. Faulders, Senior Assistant
          Attorney General; Daniel J. Poynor, Assistant
          Attorney General, on brief), for appellee.



     Grady W. Perry (appellant) appeals the trial court's order

granting judgment in his favor and dismissing the administrative

finding of child abuse against him.  He contends that the trial

court erred in dismissing the case on a basis other than one he

deemed appropriate.  He also appeals the trial court's denial of

attorneys' fees.  For the reasons that follow, we dismiss the

_____

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     [**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

appeal.

I.   BACKGROUND

The facts are undisputed.  On March 9, 1990, the Norfolk Department of Human Services (local agency) received a complaint alleging physical abuse by appellant of his five-year-old son, M.S.  The local agency conducted an investigation and entered a disposition of "Founded-Physical Abuse."  The notice to appellant advising him of the results of the investigation and his appeal rights was misaddressed and not timely received by appellant.

In 1995 appellant discovered that his name was listed in the Commonwealth's central registry with the disposition of "Founded-Physical Abuse."  Appellant contacted the local agency regarding the lack of notice and on October 10, 1995, the agency responded.

> A review of our record indicates the notification letter was sent to an incorrect address, and, therefore, you may not have been formally notified of the disposition and your right to appeal the decision.
>
> By copy of this letter, I am informing you that you have thirty days to request an appeal of the disposition of the above mentioned matter.

Within the appropriate time limitation, appellant formally requested an appeal of the 1990 disposition finding by the local agency.  Following an informal conference, the local agency officer assigned to the case rendered a decision upholding the original complaint and disposition of "Founded-Physical Abuse."

Appellant requested further review by the Commissioner of the Virginia Department of Social Services (Department).  The

parties presented evidence and the designated hearing officer upheld the local agency's founded disposition.

On December 9, 1996, appellant filed a Petition for Appeal in the Circuit Court of the City of Norfolk, seeking judicial review of the hearing officer's decision. A judicial review hearing was conducted on December 2, 1997. The trial court found that deficiencies in the documentation of the investigation and the delay in notice and opportunity to challenge the founded disposition impaired appellant's ability to challenge the disposition five years later. The final order entered on May 1, 1998, read as follows:

> ADJUDGED, ORDERED and DECREED that the disposition is reversed and hereby amended to "Unfounded" and all records concerning the investigation and disposition of the March 9, 1990 complaint shall be purged from the Central Registry and the records of the Norfolk Division of Social Services, as provided by departmental policy.

Additionally, the trial court denied appellant's request for attorneys' fees.

## II. STANDING

Appellant succeeded at the trial court level in his request to reverse the Department's administrative finding of abuse and to have purged from the central registry all records relating to the case. Nevertheless, he challenges on appeal the trial court's reasoning in dismissing the case. Appellant argues that the trial court's failure to find any statutory or constitutional violations will have a "chilling" effect on his parental rights.

- 4 -

For the reasons that follow, we dismiss the appeal.

Under Code § 17.1-405, recodifying Code § 17-116.05, only an "aggrieved party" may appeal to the Court of Appeals. "It is elementary that an appellant must have been aggrieved by the decree appealed from or he has no standing. . . ." Stone v. Henderson, 182 Va. 648, 651, 29 S.E.2d 845, 846 (1944). "The word `aggrieved' in a statute, it has been held, refers to a substantial grievance, a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation." D'Alessio v. Lukhard, 5 Va. App. 404, 408, 363 S.E.2d 715, 718 (1988).

> Before a person is entitled to an appeal or writ of error he must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest. He must also show that he has been aggrieved by the judgment or decree of the lower court. Appeals and writs of error are not allowed for the purpose of settling abstract questions, however interesting and important to the public they may be, but only to correct errors injuriously affecting the appellant or plaintiff in error.

Nicholas v. Lawrence, 161 Va. 589, 593, 171 S.E. 673, 674 (1933) (quoted in Virginia Employment Comm'n v. City of Virginia Beach, 222 Va. 728, 732, 284 S.E.2d 595, 597 (1981)).

The case of Commonwealth v. Harley, 256 Va. 216, 504 S.E.2d 852 (1998), recently decided by the Supreme Court, is dispositive. In Harley, the defendant appealed his six felony convictions to this Court, arguing that the trial court erred in

denying his motion for a transcript of a suppression hearing at the Commonwealth's expense.  In a published opinion, we held that the defendant was constitutionally entitled to a free transcript of the suppression hearing.  See Harley v. Commonwealth, 25 Va. App. 342, 350, 488 S.E.2d 647, 750 (1997).  However, we concluded that the trial court's error was harmless because there were "no significant discrepancies" between the witnesses' testimony at the hearing and their testimony at trial.  Id. at 351, 488 S.E.2d at 651.  Accordingly, we affirmed the defendant's convictions. See id.

The Commonwealth filed a petition for appeal with the Supreme Court, seeking reversal of this Court's decision that the defendant was constitutionally entitled to a free transcript of the suppression hearing.  The Supreme Court dismissed the appeal on the basis that the Commonwealth lacked standing as a "party aggrieved."  Harley, 256 Va. at 220, 504 S.E.2d at 854.

> We do not agree that the Commonwealth is aggrieved by the Court of Appeals' ruling with respect to the issue of Harley's entitlement to a free transcript of his suppression hearing.  That issue was rendered moot by the Court of Appeals' further ruling that the error in the trial court's denial of a free transcript was harmless.
>
> *     *     *     *     *     *     *
>
> In reality, the Commonwealth invites this Court to render an advisory opinion on a moot question based upon speculative facts. This is an exercise in which the Court traditionally declines to participate.  "The reason . . . is that the courts are not constituted . . . to render advisory

- 6 -

> opinions, to decide moot questions or to answer inquiries which are merely speculative."

Id. at 219-20, 504 S.E.2d at 853-54 (citations omitted).

In the instant case, the trial court granted judgment in appellant's favor and dismissed the finding against him. The disposition of founded physical abuse was changed to unfounded, and the records were purged from the central registry. In its final order, the trial court held that the procedural defects in the case "were so substantial that they impaired [appellant's] ability to challenge the findings at the administrative review proceedings." In short, he won. There was no other relief yet to be afforded this litigant.

While appellant may prefer that he prevail on a different or broader ground, this does not give him standing to appeal the trial court's decision in his favor. We hold that appellant, as the prevailing party, is not an "aggrieved party" within the meaning of Code § 17.1-405, recodifying Code § 17-116.05.

Appellant's argument that the trial court's decision will have a "chilling" effect on his parental rights in the future, which is sufficient to invoke standing, lacks merit. His apprehension that he will suffer from some future burden does not qualify him as an "aggrieved party" within the meaning of Code § 17.1-405, recodifying Code § 17-116.05. See id. at 219, 504 S.E.2d at 854. Appellant's "concerns are hypothetical and can only be based, at best, upon speculation and conjecture." Id.

Accordingly, we dismiss the appeal as it relates to appellant's first assignment of error.

## II. ATTORNEYS' FEES

Appellant next argues that the trial court erred in denying his request for attorneys' fees. He contends that as the prevailing party in the trial court, he was entitled to reasonable costs and attorneys' fees under Code § 9-6.14:21. The Department argues that Code § 9-6.14:21 does not apply to appeals of child protective services determinations because the local agency is not subject to provisions of the statute.

Assuming, without deciding, that Code § 9-6.14:21 applies to the local agency, we hold that the trial court did not abuse its discretion in denying the requested fees. That statute provides in pertinent part:

> In any civil case brought under Article 4
> (§ 9-6.14:15 et seq.) of this chapter and
> § 9-6.14:4.1, in which any person contests
> any agency action, as defined in § 9-6.14:4,
> such person shall be entitled to recover from
> that agency, as defined in the section
> referred to above . . . reasonable costs and
> attorney fees <u>if such person substantially
> prevails on the merits of the case and the
> agency's position is not substantially
> justified</u>, unless special circumstances would
> make an award unjust.

Code § 9-6.14:21 (emphasis added).

In the instant case, although appellant met the first prong by prevailing on the merits of the case, we cannot say the local agency was "not substantially justified" in its position. The trial court made no such finding and the record does not establish it. Appellant's lack of notice of the 1990 administrative finding was due to a mistake of fact by the local

- 9 -

agency and as soon as the mistake was discovered, appellant was afforded a delayed appeal by the Department. Appellant sought judicial review of the Department's decision, and the trial court reversed those findings and ruled in his favor. The trial judge did not abuse its discretion in denying the request for attorneys' fees. Accordingly, the trial court's decision is affirmed.

For the reasons stated, we dismiss the appeal and the request for attorneys' fees.

<u>Dismissed.</u>