# CIRCUIT COURT OF THE CITY OF NORFOLK

Grady Perry

    v.

Commonwealth of Virginia et al.

## Case No. (Law) L97-3152

BY JUDGE JOHN C. MORRISON, JR.

### July 28, 1999

After a thorough review of the arguments and applicable law, the Court is of the opinion that Defendants are not liable for any negligence committed by the Department of Social Services hearing officer, pursuant to Virginia Code § 8.01-195.3(3), but that Defendants may be held liable for any negligence committed by the employees of the Norfolk Department of Human Services ("NDHS"), as those employees are agents of Defendants. The Court, therefore, grants Defendants' Plea of Sovereign Immunity and Demurrer as to the part of Plaintiff's claim related to the alleged negligence of the hearing officer, and denies Defendants' Plea and Demurrer as to the part of Plaintiff's claim related to the alleged negligence of the employees of NDHS.

### January 31, 2001

This matter comes before the Court on the Defendant Commonwealth's Plea of Sovereign Immunity. On or about May 29, 1990, the plaintiff was found to be a child abuser by the Commonwealth of Virginia and his name was entered into the Virginia Department of Social Services' Child Abuse and

Neglect registry as required under the Child Abuse and Neglect Act. He was thereafter dismissed from his employment with the Virginia Beach City Public Schools. The notification accompanying his termination stated that he was alleged to have abused children. Plaintiff received this notification on September 25, 1995. This was the first time he had been notified that his name was contained in the central registry. He then appealed the administrative disposition finding him to be a child abuser and challenged the procedural deficiencies accompanying the finding. In the administrative appeal to this Court, the Court ordered that the charges be amended to "Unfounded." The Court held that the deficiencies in the documentation of the investigation and the delay in notice and opportunity to challenge the founded disposition impaired appellant's ability to challenge the 1990 disposition five years later when he found out.

The pending action was filed by plaintiff, Grady Perry, under the Virginia Tort Claims Act in September 1997. On behalf of the Commonwealth and the Virginia Department of Social Services, a plea of sovereign immunity and demurrer was filed (previous to the current plea). The primary issue with respect to those pleas was whether the Commonwealth could be liable for any alleged tortious acts committed by the employees of the Norfolk City Department of Social Services, namely, whether these employees were "agents" of the Commonwealth. A second issue was whether the Commonwealth was liable for the acts of the hearing officer involved in this case. This Court rendered an opinion on July 28, 1999. The Court held that the local employees of the Norfolk Department of Human Services ("NDHS") could bind the Commonwealth so as to impose liability on the state because they were in fact agents of the Commonwealth. The Court also held that the Commonwealth enjoyed immunity with respect to the hearing officer's acts. The order that was entered in this matter on September 10, 1999, states:

> The defendant's Demurrer and Plea of Sovereign Immunity on the issue of whether the defendant could be held liable for the negligence of the Department of Social Service hearing officer, is upheld. [T]he defendant's demurrer and Plea of Sovereign Immunity on the issue of whether the defendant could be held liable for the negligence of employees of the Norfolk Department of Human Services is overruled, as those employees are agents of defendant.

Oral argument was again held on October 18, 2000. At this juncture, the Commonwealth argued sovereign immunity again, except this time it is with regard to the acts of the local employees. Since the Court held that the

Commonwealth could be liable for acts of the local employees in Norfolk because they were "agents" of the Commonwealth, the Commonwealth asserted that they should be able to raise another plea of sovereign immunity as it applies to these local employees. The defendant now asserts that sovereign immunity may apply to protect the Commonwealth from liability regarding the "activities" of the local employees. The plaintiff contends that the sovereign immunity issue has already been decided. Plaintiff also asserts that the issue of whether or not other state employees could be sued or could bind the Commonwealth was left open. In sum the two issues involved in the present situation are:

(1) Did the previous order address the sovereign immunity of "other state employees" (not including the local employees and hearing officer) so as to allow plaintiff to sue more state employees?

(2) Since the local employees of the NDHS are agents of the Commonwealth so as to bind the Commonwealth, are these local employees or more specifically the "activities" of the local employees entitled to the protection of sovereign immunity under one of the exclusions set forth in the Virginia Tort Claims Act § 8.01-195.3?

## Discussion

The first issue can be resolved by looking at the previous order and the documents submitted by counsel in this case. The plaintiff does not name any defendants besides the Commonwealth. Plaintiff asserted in oral argument that the issue of whether "other" state employees could bind the Commonwealth was left open. In an earlier brief, plaintiff states that there were "other employees of the Commonwealth" involved in the investigative stage, etc. However, plaintiff does not give any indication of whether or not he is in fact talking about the local employees of NDHS at issue or someone else. Further, if it was in its brief, then the earlier order discussing only the local employees and the hearing officer shows that these persons were the only ones at issue in this case. The hearing officer made the disposition and was subject to liability, and the local employees are the persons who were connected to the investigation in Norfolk. The Court, therefore, finds that the term "local employees" of the NDHS covers those who were involved in this case and those who may subject the Commonwealth to liability. As to the hearing officer, that issue has been resolved.

The second issue involves an analysis of sovereign immunity under the Virginia Tort Claims Act and whether or not the acts at issue fit into one of the enumerated exclusions from liability under the Act. The Commonwealth is the

only proper party in a suit under the provisions of this Act. Section 8.01-195.3; *Bowers v. Commonwealth*, 225 Va. 245 (1983); *Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 442 S.E.2d 400 (1994). State agencies remain immune from liability in tort for acts or omissions of their agents and employees. *Bowers*, 225 Va. at 253. The statute at issue reads in pertinent part:

> The Commonwealth shall be liable for claims for money . . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . . if a private person, would be liable to the claimant for such damage, loss, injury, or death.

Virginia Code § 8.01-195.3. There are also several exclusions from this waiver of immunity. There are two exclusions relevant to this case. The first exclusion reads as follows: "Any claim based upon an act or omission of any court of the Commonwealth, or any member thereof acting in his official capacity, or to the judicial functions of any agency . . . ." *See* § 8.01-195.3(3). This subsection immunized the hearing officer specifically because the function of the hearing officer is to adjudicate cases, a judicial "function." The second relevant exclusion from liability, and especially pertinent to this particular ruling, reads as follows: "Any recovery based on . . . any claim arising out of the institution or prosecution of any judicial or administrative proceeding, even if without probable cause is excluded." Section 8.01-195.3(6). Because the Virginia Torts Claim Act is in derogation of the common law, it must be strictly construed. *Baumgardner*, 247 Va. at 489.

The doctrine of sovereign immunity serves a multitude of purposes such as protecting the public purse, providing for smooth operation of government, eliminating fear in government officials to act according to their duties, and assuring that citizens will be willing to take public jobs. *Messina v. Burden*, 228 Va. 301, 307-08, 321 S.E.2d 657 (1984). Moreover, the protection afforded by this doctrine extends not only to the sovereign but also to those who help run the government. *Id.* "It would be an unwise policy to permit agents and employees of the State to be sued in their personal capacity for acts done by them at the express direction of the State, unless they depart from that direction." *Id.*, quoting, *Sayers v. Bullar*, 180 Va. 222, 229, 22 S.E.2d 9 (1942). Here, the Commonwealth argues that the activities of these local employees fit under the "administrative" or "judicial" proceeding exclusion.

As stated above, § 8.01-195.3(6) excludes from liability claims arising out of the institution or prosecution of any "judicial" or "administrative" proceeding. Here the activities of the local employees of the NDHS are at issue. The term "administrative" is defined as pertaining to administration, especially management, as by managing or conducting, directing, or superintending, the execution, application, or conduct of persons or things. "Administration" is defined as the managing or conduct of an office or employment; the performance of the executive duties of an institution, business, or the like. *Black's Law Dictionary* (6th ed. 1990). Here the department's "activity" of investigating and deciding whether or not there is any evidence of child abuse to present to the hearing officer is one of the important functions of that department. An "administrative act" is the carrying out of the executive duties of an office by particular officers assigned to such duties. *Id.* In the present case, the local employee officers are performing a function that is essential to the department and those activities also involve discretion and judgment on the part of the officers.

Courts routinely "view" the process of the Department of Social Services as administrative. For example in *J. P. v. Carter, Comm'r, Dept. of Social Services*, the Court stated "the administrative proceedings under the Act [the Child Abuse and Neglect Act] are not criminal in nature and are not intended to punish or rehabilitate the abuser. The inclusion of appellant's name in the central registry is an administrative remedy to combat the danger identified by the General Assembly in the Act." 24 Va. App. 707, 485 S.E.2d 162 (1997); *see also J. B. v. Brunty, Comm'r, Dept. of Social Services*, 21 Va. App. 300, 464 S.E.2d 166 (1995) (referring to "administrative proceeding"). Also in *Turner v. Jackson*, the Court referred to the department's process as administrative. 14 Va. App. 423, 417 S.E.2d 881, 886 (1992). The Court in *Turner* held that the parent involved was not deprived of a liberty or property interest by an administrative child abuse proceeding, so as to deprive the parent of procedural due process, since the only immediate consequence of a finding of physical abuse was placement of the parent's name in Central Registry. *Id.*; *see also D'Alessio v. Lukhard*, 5 Va. App. 404, 363 S.E.2d 715 (1988). The actual functions of the agency fit into the definition of an administrative proceeding, as such proceedings do not determine guilt or innocence. *D'Alessio v. Lukhard*, 5 Va. App. at 408. Lastly, the appeals process is also governed by the Administrative Process Act of Virginia. In the present case, the Court holds that the activities performed by the local employees in this case fall under the administrative proceeding exclusion. Therefore the Commonwealth is immune from liability for the acts of those employees.

The Court is also of the opinion that the Commonwealth is immune under the same exclusion applying to "judicial" proceedings or "administrative." In *Jackson v. W.*, the Court had to determine what process was due an individual in a child abuse proceeding, among other issues. 14 Va. App. 391 (1992). The Court addressed the functions of the department of human services and stated that they have the following duties: to investigate complaints, determine whether the complaint is founded or not, place the name in the registry if founded, report its findings when required, and arrange for services to protect the child if necessary. *Id.* at 407-08. The Court then held that it declined to rest their decision on a determination that child protective services proceedings are purely investigatory, rather it was in the nature of an "adjudicative proceeding." *Id.* at 408-09. An adjudicative proceeding is one made before an administrative agency (an administrative proceeding) in which certain rights of an individual are decided, much like a "judicial" proceeding.

## Conclusion

Sovereign Immunity protects the Commonwealth from being liable for every act of an agent or employee. The Virginia Tort Claims Act is a waiver of such immunity; however, it is in derogation of the common law and must be strictly construed. Since the claim in this action is against and can only be against the Commonwealth under the Act, the nature of the acts of the employees and activities of the Norfolk Department of Human Services were essential to the disposition of the case. The Commonwealth has an extreme interest in the function of the Department of Social Services and the employees who carry out that function. As stated above, the proceedings conducted by such an agency are described as "administrative" for the agency is an administrative agency. This classification relieves the Commonwealth of any liability for the acts of its agents or employees.