COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


TREVA NICOLE TERRELL

MEMORANDUM OPINION[*] BY
v.    Record No. 2476-98-4        JUDGE JERE M. H. WILLIS, JR.
DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Alfred D. Swersky, Judge

Christopher Leibig, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from her conviction of distribution of cocaine,

in violation of Code § 18.2-248, Treva Nicole Terrell contends

that the trial court erred in ruling that a "seller" of drugs

cannot be "another individual" within the meaning of the

accommodation statute. See Code § 18.2-248(D). However, the

error alleged by Terrell did not actually occur. Therefore, we

affirm the judgment of the trial court.

Terrell and a companion, Gregory Day, approached undercover

Alexandria Police Officer J.A. Lyle and sold him crack cocaine.

At trial, Terrell testified that Day was a drug dealer and that

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

she did not profit from the transaction, but merely accommodated the sale by Day. Defense counsel argued that Terrell should be convicted and sentenced under the accommodation provision of Code § 18.2-248. That provision provides:

> If such person proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual . . . and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.

Code § 18.2-248(D).

The trial court disagreed with defense counsel, stating:

> According to the statutes it was more than having the person become addicted to the substance, it says, "without the intent to induce the person to use it," and that's the language that I think precludes the accommodation provisions from applying to -- someone who helps the seller is an aider and abett[o]r, a principal in the second degree to a distribution.
> The provisions of this statute say you have to -- in order for there to be an accommodation it must be without the intent to profit there from or -- and without the intent to induce the person either to become addicted or to use the substance. Here the testimony of the Defendant is clear, she intended to give this stuff to Officer Lyle to use.

The trial court, having heard arguments of counsel on Terrell's motion to reduce the charge to an accommodation, denied the

-

motion and found Terrell guilty of distributing a controlled substance, in violation of Code § 18.2-248.

At the sentencing hearing, defense counsel renewed the motion to reduce the charge under the accommodation provision, to which the trial court responded:

> I remember.  I think one of the things I asked or commented on was that it's my understanding that the usual case of accommodation was where someone is acting on behalf of a friend, or a group of people that -- but that's not the reason for the ruling.
> The reason for the ruling was the whole line of Court of Appeals cases that talk about commercial transactions, and you can be an aider or an abett[o]r to a distributor, you know, even though you don't get anything by way of a profit for it because of the nature of the transaction. That's why this is not an accommodation.

The trial court never ruled that the accommodation statute could never apply to a person who assists a seller of drugs. Rather, it found that this case involved a commercial transaction by Terrell to secure money for the dealer, with the intent that Officer Lyle use the drug.

Rule 5A:12(c) provides:

> The provisions of Rule 5A:18 shall apply to limit those questions which the Court of Appeals will rule upon on appeal. Only questions presented in the petition for appeal will be noticed by the Court of Appeals.

Id.  Thus, the only matter before us is Terrell's assertion that the trial court erred in ruling, as a matter of law, that the

-

accommodation statute could not be applied to a person helping a

seller of drugs.  The trial court, however, made no such ruling.

Because the alleged ruling did not occur, we do not address

whether the accommodation statute applies to such an instance.

> In reality, [Terrell] invites this
> Court to render an advisory opinion on a
> moot question based upon speculative facts.
> This is an exercise in which the Court
> traditionally declines to participate.  "The
> reason . . . is that the courts are not
> constituted . . . to render advisory
> opinions, to decide moot questions or to
> answer inquiries that are merely
> speculative."

Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852,

853-54 (1998) (alteration in original) (citation omitted).

The judgment of the trial court is affirmed.

Affirmed.