COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


LEOCADE LEIGHTON

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1328-01-4         JUDGE RICHARD S. BRAY
                                         JUNE 11, 2002

VIRGINIA DEPARTMENT OF HEALTH,
 NICHOLAS F. GLOWICKI,
 MICHELE A. GLOWICKI AND
 PHILIP C. GIBSON

           FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                    Thomas D. Horne, Judge

           Leocade Leighton, pro se (John W. Wine, on
           briefs), for appellant.

           Karen L. Lebo, Assistant Attorney General
           (Randolph A. Beales, Attorney General, on
           brief), for appellee Virginia Department of
           Health.

           No brief or argument for appellees Nicholas
           F. Glowicki, Michele A. Glowicki and
           Philip C. Gibson.


     Pursuant to the Virginia Administrative Process Act (VAPA),

Code § 9-6.14:1 through 9-6.14:25,[1] Leocade Leighton appealed to

the trial court a decision by the Virginia Department of Health

(Department) finding no "illegalities" in the "Sewage Disposal

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Effective October 1, 2001, the Virginia Administrative
Process Act was recodified in Code §§ 2.2-4000 through 2.2-4033.
See 1999 Va. Acts, ch. 844.  All references in this opinion are
to the former Code, in effect at the time the Department's
decision was rendered in this case.

System" that serves the property of Philip and Linda Gibson (Gibson). Demurring to the appeal, the Department maintained Leighton lacked standing because the decision was not a final "case decision" and Leighton was neither a "party" to the proceedings nor "aggrieved" by the decision. The trial court concluded Leighton had standing to seek judicial relief but, upon review of the record, affirmed the Department on the merits.

We find Leighton was not a "party aggrieved" as contemplated by the VAPA and, therefore, lacked the requisite standing to challenge the decision. Accordingly, we affirm the trial court.[2]

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal. In accordance with well established principles, we view the evidence in the light most favorable to the prevailing party below, the Department in this instance.

---

[2] Despite the erroneous finding by the trial court that Leighton had standing to challenge the Department's decision, we may, nevertheless, affirm the decision if the court reached the right result, albeit for the wrong reason, provided the correct reason was "brought to the attention" of the court, Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963), and no "'further factual resolution is needed before [such] reason may be assigned to support the . . . decision.'" Twardy v. Twardy, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (quoting Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 314 (1992)).

-

See <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 789 (1990).

I.

The instant proceedings resulted from unrelated litigation that necessitated resubdivision of certain separate properties of Leighton, Gibson and others. Alleging that approval by Fauquier County (County) of the replat was jeopardized by the "Sewage Disposal System" presently located on the Gibson parcel, Leighton, by letter dated September 24, 1999, requested the Department conduct a "hearing" to address the issue. She specifically challenged, <u>inter</u> <u>alia</u>, the "legality of the 10/4/1972 and 10/5/1972 approval" of the Gibson "sewage system," the location of "a shed" and "water well" on the Gibson property and the "methods used by the Fauquier County Health Department for locating . . . drainfield[s]."

On October 27, 1999, the Department, acting through Dr. James E. Burns, Director of the Rappahannock-Rapidan Health District, conducted a hearing in response to Leighton's concerns. Charles Shepherd, District Environmental Health Manager, summarized the protracted history of the dispute, and submitted substantial documentary proofs and related evidence in support of a finding that the Gibson system did not violate applicable regulations.

Leighton attended the hearing but presented no evidence in support of her claims. After simply reading into the record a

-

written statement that mirrored her original correspondence to the Department, she repeatedly refused to answer Dr. Burns' relevant inquiries.

In correspondence to Leighton dated November 22, 1999 and designated, "Case Decision," Dr. Burns reviewed the record in detail and, "[b]ased on the regulations and state law, exhibits, and proceedings held on October 27, 1999," concluded:

> 1.   [T]he Gibson's drainfield permit is valid because:
>
>      a.   Legal property lines do not currently exist so there can be no encroachment;
>
>      b.   The alleged separation between the Gibson drainfield and well does not violate the 1971 Sewage Regulations which apply; and
>
>      c.   Even if such violations alleged by you did exist, and I expressly have determined there are no violations, you have neither identified any injury nor provided any proof establishing that there has been any injury to yourself or to the public health.
>
> 2.   [T]he Gibson's well was legally installed at a time when there were no regulations that dictated a minimum separation distance between a well and a preexisting septic system.  Since the well appears to have been installed after the drainfield, no violation of the 1971 Sewage Regulations existed then or now.  The fact that some 27 years after installation the Gibson's well remains uncontaminated is good evidence that no public health hazard exists.
>
> 3.   [T]he shed poses no violation of code, regulation, or ordinance and does not pose a public health threat.  After 27 years the

-

soils of the drainfield area have compacted sufficiently so that a shed resting on the surface would pose no threat to the integrity of the system.

\*    \*    \*    \*    \*    \*    \*

5.  Finally, while you may obtain an informal explanation of the Health Department's decision making, you clearly lack standing to administratively appeal decisions by the department under the 1988 Sewage Regulations . . . .

Pursuant to the VAPA, Leighton petitioned the trial court for review, assigning a myriad of errors to the decision.  In response, the Department demurred, asserting, in pertinent part, that Leighton lacked the requisite "standing" to pursue judicial relief.  At a related hearing on August 10, 2000, Leighton conceded, "If [she] had no standing, that would be the end of it."  However, she alleged a "legitimate interest in the Gibson's lot since the day [the court] ordered" the resubdivision, which "put[] [her] on the same plat with the Gibson's, [and gave her] a wholesale, strong interest in . . . all parts of that plat."

At the conclusion of the hearing, the court overruled the demurrer, determining Leighton had standing to pursue the appeal.  However, in a memorandum opinion dated January 11, 2001, the court declined to "compel the Health Department to commence proceedings against the Gibsons" and ruled "enforcement of the regulations is a matter resting within the sound discretion of the Health Department."  The final order, entered

-

April 19, 2001, "incorporated" the memorandum opinion and dismissed Leighton's petition, resulting in the instant appeal.

## II.

As a threshold issue, we address the Department's continuing challenge to Leighton's standing to pursue judicial relief.

> "Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the administrative act and the terms of the statute."

D'Alessio v. Lukhard, 5 Va. App. 404, 407, 363 S.E.2d 715, 717 (1988) (quoting 73A C.J.S. Public Administrative Bodies and Procedure § 189 (1983)).

The VAPA provides, in pertinent part, that

> [a]ny person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.

Code § 9-6.14:16(A) (emphasis added).  Leighton does not challenge "the unlawfulness of any regulation" and, therefore, appeals as a "party aggrieved by and claiming unlawfulness of a case decision."  Id.

-

Assuming, without deciding, that Dr. Burns' correspondence to Leighton, dated November 22, 1999, constituted a "case decision" by the Department and, further, that Leighton was a "party" to the proceedings, we find she has failed to establish she was "aggrieved" by the action.

> The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest . . . ." The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

Virginia Beach Beautification Comm'n v. Bd. of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899, 903 (1986) (citations omitted); see also Virginia Employment Comm'n v. City of Virginia Beach, 222 Va. 728, 732, 284 S.E.2d 595, 597 (1981); Virginia Ass'n of Ins. Agents v. Commonwealth, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959); Nicholas v. Lawrence, 161 Va. 589, 593, 171 S.E. 673, 674 (1933).

Here, Leighton established no "direct," "immediate, pecuniary, and substantial interest" in the Department's decision. The effect, if any, of Gibson's existing sewage

-

system upon a forthcoming resubdivision plat is clearly speculative and conjectural and, thus, "remote or indirect" with respect to Leighton.  Accordingly, she is not a "party aggrieved" within the intendment of Code § 9-6.14:16(A) and without standing to appeal the Department's decision.

We, therefore, affirm the trial court.

Affirmed.