COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

LAWRENCE A. KESSER

v.      Record No. 0886-16-1

CARYN F. KESSER

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 11, 2016

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Todd M. Fiorella; John G. Baker; Patrick J. Genova; Fraim &
Fiorella, P.C., on briefs), for appellant.

(Brandon H. Zeigler; T. Alexander Cloud, Jr.; Parks Zeigler, PLLC,
on brief), for appellee.

UNPUBLISHED

On May 11, 2016, the circuit court entered an order that dismissed this case based on lack of

jurisdiction. Lawrence Kesser (husband) timely filed a notice of appeal. He argues that the trial

court erred by (1) failing to rule that Caryn Kesser (wife) was judicially estopped from entering

evidence that was contrary to the facts alleged in her pleadings; (2) failing to invalidate the parties'

marital agreement because "it was procured by fraud and/or undue influence, and it is both

oppressive and unconscionable;" (3) applying the wrong legal standard after finding that wife owed

a fiduciary duty to husband at the time they executed the marital agreement;[1] (4) permitting wife to

testify to facts contrary to those alleged in her pleadings to determine that the trial court did not have

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As subparts to (3), supra, husband contends that the trial court erred in (a) not finding
that the marital agreement was invalid as a matter of law because it was "highly favorable" to wife
and she owed a fiduciary duty to husband; and (b) not finding that the marital agreement was invalid
because wife failed to prove by clear and convincing evidence that the marital agreement was fair
and not procured by fraud.

jurisdiction; and (5) refusing to enforce the marital agreement because wife committed the first material breach of the marital agreement. Wife filed a motion to dismiss husband's appeal, arguing that he does not have standing to appeal the circuit court's order. For the reasons stated below, this Court dismisses the appeal.

BACKGROUND

On February 27, 2014, wife filed a complaint for divorce.[2] She asked the circuit court to affirm, ratify, and incorporate the parties' marital agreement dated May 2, 2013 into a final decree of divorce. Wife alleged that the parties separated, with the intent to remain permanently separated, on February 19, 2013.

The parties disputed the validity of the marital agreement. Wife filed a motion to affirm the validity of the parties' marital agreement. The circuit court heard evidence and argument over several days. During the trial, wife testified that she did not intend to separate from husband until November or December 2013. On December 4, 2015, the circuit court issued a fifteen-page letter opinion and granted wife's motion. The circuit court held that the marital agreement was enforceable and not invalid due to unconscionability, fraud, or duress.

Husband subsequently filed a motion to reconsider and brief in support thereof. He asked the circuit court to "reconsider its opinion and find that the Marital Agreement is invalid or unenforceable or, in the alternative, that the Court dismiss this matter for lack of jurisdiction." With respect to his lack of jurisdiction argument, husband argued that "the Court's finding that Ms. Kesser is not bound by her pleadings, with respect to the date on which she intended to leave the marriage, eliminates the Court's jurisdiction."

---

[2] Wife subsequently filed an amended complaint, which the circuit court allowed by order dated March 18, 2014. The only difference between the original complaint and the amended complaint was the date of marriage.

- 2 -

On March 3, 2016, the parties appeared before the circuit court on husband's motion to reconsider. On April 11, 2016, the circuit court issued a letter opinion that granted husband's motion to reconsider. The circuit court held that

> wife's testimony establishes that the parties did not intend to
> permanently discontinue the marital relationship at the beginning
> of their physical separation and did not develop such an intent until
> approximately three months before she filed the divorce complaint.
> As such, the parties had not "lived separate and apart" for one year
> when this action was commenced and the record does not contain
> adequate grounds for divorce under Code § 20-91(A)(9)(a).

Accordingly, the circuit court ordered that wife's complaint for divorce be dismissed. On May 11, 2016, the circuit court entered an order reflecting its rulings. Both parties noted objections to the order. On May 31, 2016, husband filed a notice of appeal.

ANALYSIS

Wife argues that husband's appeal should be dismissed because he lacks standing. She contends he is not an "aggrieved party," since the circuit court granted his request to dismiss the underlying matter for lack of jurisdiction.

Pursuant to Code § 17.1-405, only an "aggrieved party" may appeal to the Court of Appeals. "It is elementary that an appellant must have been aggrieved by the decree appealed from or he has no standing . . . ." Stone v. Henderson, 182 Va. 648, 651, 29 S.E.2d 845, 846 (1944).

> The term "aggrieved" has a settled meaning in Virginia when it
> becomes necessary to determine who is a proper party to seek
> court relief from an adverse decision . . . . The word "aggrieved"
> in a statute contemplates a substantial grievance and means a
> denial of some personal or property right, legal or equitable, or
> imposition of a burden or obligation upon the petitioner different
> from that suffered by the public generally.

Commonwealth v. Harley, 256 Va. 216, 218-19, 504 S.E.2d 852, 853 (1998) (quoting Va. Beach Beautification Comm'n v. Board of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899,

- 3 -

902-03 (1986)); see also D'Alessio v. Lukhard, 5 Va. App. 404, 408, 363 S.E.2d 715, 718 (1988).

In Harley, the defendant appealed his six felony convictions to this Court and argued that the trial court erred in denying his motion for a transcript of a suppression hearing at the Commonwealth's expense. In a published opinion, this Court held that the defendant was entitled to a free transcript of the suppression hearing. See Harley v. Commonwealth, 25 Va. App. 342, 350, 488 S.E.2d 647, 650 (1997). However, this Court concluded that the trial court's error was harmless because there were "no significant discrepancies between the witnesses' testimony at the suppression hearing and their testimony at trial." Id. at 351, 488 S.E.2d at 651. Accordingly, this Court affirmed the defendant's convictions. See id.

The Commonwealth filed a petition for appeal with the Supreme Court of Virginia, and sought to reverse this Court's decision that the defendant was constitutionally entitled to a free transcript of the suppression hearing. Harley, 256 Va. at 218, 504 S.E.2d at 853. The Commonwealth was concerned that this Court's decision "will have the effect of imposing substantial new financial burdens on the Commonwealth to provide transcripts to indigent defendants who previously would not have been entitled to them." Id. at 219, 504 S.E.2d at 853. The Supreme Court of Virginia dismissed the appeal on the basis that the Commonwealth lacked standing as a "party aggrieved." Id. at 220, 504 S.E.2d at 854.

> We do not agree that the Commonwealth is aggrieved by the Court of Appeals' ruling with respect to the issue of Harley's entitlement to a free transcript of his suppression hearing. That issue was rendered moot by the Court of Appeals' further ruling that the error in the trial court's denial of a free transcript was harmless.
>
> . . . .
>
> In reality, the Commonwealth invites this Court to render an advisory opinion on a moot question based upon speculative facts. This is an exercise in which the Court traditionally declines to participate. "The reason . . . is that the courts are not constituted

- 4 -

> . . . to render advisory opinions, to decide moot questions or to
> answer inquiries which are merely speculative."

Id. at 219-20, 504 S.E.2d at 853-54 (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)). The Supreme Court of Virginia refused to consider the Commonwealth's appeal "based upon the apprehension that it will suffer the imposition of some future burden." Id. at 219, 504 S.E.2d at 854.

In this case, the circuit court granted husband's motion to reconsider and dismissed wife's complaint for divorce. The circuit court agreed with husband that it lacked jurisdiction to hear the matter because wife filed her complaint for divorce before the parties had been separated, with the intent to separate, for more than one year, as required by Code § 20-91(A)(9)(a). Husband was the prevailing party below, so he is not an "aggrieved party" pursuant to Code § 17.1-405.[3] Although husband did not like the circuit court's decision because he wanted the circuit court to rule in his favor on the validity of the marital agreement, his dislike does not give him standing to appeal the circuit court's decision to dismiss wife's complaint.

---

[3] In his reply brief, husband states that he asked the circuit court to "hold Ms. Kesser to her pleadings and rule on the validity of the marital agreement; or apply the appropriate standard to the facts relating to the validity of the Marital Agreement and grant Mr. Kesser a divorce on the grounds stated in his Counterclaim." He contends since the circuit court chose neither option, he is an aggrieved party. However, husband's motion to reconsider states, "Wherefore, the Respondent, by counsel, respectfully requests that this Court reconsider its opinion on the validity of the Marital Agreement and find that the Agreement is invalid and unenforceable *or, in the alternative, that the Court dismiss this matter for lack of jurisdiction.*" (Emphasis added.) Likewise, in his brief in support of his motion to reconsider, husband states, "In the alternative, if the Court finds that Ms. Kesser is not bound by her pleadings with respect to the date of separation, *the Court must dismiss this action because it lacks jurisdiction to hear it.*" (Emphasis added.) In its letter opinion, the circuit court agreed with husband and concluded that "it improvidently decided Wife's Motion to Confirm the Validity of the Marital Agreement without fully considering Husband's argument regarding the effect of Wife's testimony as to the date she developed the intent to permanently discontinue the parties' marital relationship upon the Court's authority to adjudicate this action under Code § 20-91(A)(9)(a)." The circuit court then granted husband's motion to reconsider based on the alternative argument expressed in his motion to reconsider and accompanying brief. Accordingly, contrary to husband's argument in his reply brief, he is the prevailing party, not the aggrieved party.

CONCLUSION

For the foregoing reasons, wife's motion to dismiss is granted, and the case is dismissed. The Court denies wife's motion for sanctions against husband, but finds that wife is entitled to a reasonable amount of attorney's fees and costs. The Court remands this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing. Rule 5A:30(b).

Dismissed and remanded.