COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

BENNY MCCROSKEY, S/K/A
   BENNY W. MCCROSKEY

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1263-22-2                           PER CURIAM
                                                    OCTOBER 10, 2023
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                              Ricardo Rigual, Judge

            (Benny W. McCroskey, on briefs), *pro se*. Appellant submitting on
            briefs.

            (Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
            Attorney General, on brief), for appellee. Appellee submitting on
            brief.


        Benny W. McCroskey appeals the trial court's order denying his "Motion to Terminate

Execution of Judgment" for court costs associated with convictions in the trial court in 1994 and

1996. McCroskey also argues that the trial court erred when it "determined that court costs are not

judgments and never go away." Both parties have waived argument in this case. Code

§ 17.1-403(ii).

                                        BACKGROUND

        In 1994, McCroskey pleaded guilty to two counts of grand larceny and one count of

breaking and entering. On September 12, 1994, the trial court convicted McCroskey of the offenses

and sentenced him to a total of 15 years of imprisonment, with all but 12 months in jail suspended.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Both the written plea agreement and the trial court's order expressly provided that McCroskey would pay court costs, although neither specified the exact amount of court costs.

In 1995, McCroskey pleaded guilty to attempted burglary and possession of burglary tools. By order entered March 19, 1996, the trial court convicted McCroskey of the offenses and sentenced him to a total of 12 years of imprisonment with 10 years suspended. Both the plea agreement and the trial court's order expressly provided that McCroskey would pay court costs, although, again, neither specified the exact amount of court costs.

On February 24, 2022, McCroskey filed a motion in the trial court styled "Motion to Terminate Execution of Judgment." McCroskey argued that because more than 20 years had passed since the trial court entered the orders that required McCroskey to pay the court costs on the 1994 and 1996 convictions, Code § 8.01-251 prevents the Commonwealth from recovering the court costs on those convictions. McCroskey further stated that "monies have been involuntarily deducted from my monthly wages and transferred to this court where the clerk has inadvertently, and unbeknownst to me, credited certain funds to outstanding judgments that were legally unenforceable." McCroskey asked the trial court to "strike the cases at issue from the active docket and any monies unlawfully credited to judgments issued more than (20) years ago be hereby assessed and thereby credited to case numbers CR-10-760 and CR-10-764," which are presumably other more recent court matters involving McCroskey.

The trial court denied McCroskey's motion, holding that the "Motion fails to identify sufficient information under which this Court can grant any relief." McCroskey simultaneously noted an appeal and moved for reconsideration. The motion to reconsider again cited Code § 8.01-251 and contended that McCroskey had provided the trial court with all the information it needed to grant him the requested relief. The trial court denied McCroskey's motion for reconsideration. McCroskey appealed the trial court's decision to this Court.

ANALYSIS

Under Rule 1:1(a) of the Rules of the Supreme Court of Virginia, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)).

In this case, McCroskey's "Motion to Terminate Execution of Judgment" of his court costs was filed in the criminal matters. In that motion, McCroskey asked the trial court to "strike the cases at issue from the active docket and any monies unlawfully credited to judgments issued more than (20) years ago be hereby assessed and thereby credited to case numbers CR-10-760 and CR-10-764." The trial court entered final judgment in the underlying criminal cases on September 12, 1994, and March 19, 1996, respectively. Given that McCroskey filed this motion seeking to "strike the cases at issue from the active docket" well after twenty-one days from the entry of the final orders, the trial court did not have jurisdiction to grant McCroskey the relief that he requested.

Despite the trial court's lack of jurisdiction, McCroskey argues that this Court "is vested with the duty to attain and promote the interests of justice and has the authority to ignore any minor errors in arguments, pleadings or procedures." However, a lack of jurisdiction to act is not a minor or technical error. "Unless a court vacates or suspends a final order during the twenty-one-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and *any* action taken by the trial court after the twenty-one-day period

- 3 -

has run is a nullity." *Minor v. Commonwealth*, 66 Va. App. 728, 739-40 (2016) (emphasis added).

In the alternative, McCroskey asks this Court to "render an order that takes judicial notice of the provisions of [Code §§] 19.2-340, 19.2-341 and 8.01-251 so that the lower court, and the Director of the Va. D.O.C., will be put on notice that court costs are not collectable after the expiration of the prescribed statutory period of limitations." We may not do so, however, because it would constitute an advisory opinion in a case over which the trial court lacks jurisdiction to provide the relief that was requested. *See Commonwealth v. Harley*, 256 Va. 216, 219-20 (1998) (noting that "courts are not constituted . . . to render advisory opinions" (alteration in original)).

## CONCLUSION

The trial court lacked jurisdiction to grant the relief McCroskey sought in his "Motion to Terminate Execution of Judgment" because more than twenty-one days have passed since the final orders were entered in both cases. Therefore, the trial court properly denied that motion.

Consequently, we do not disturb the judgment of the trial court.

*Affirmed*.